FALL, 1811.
First District.

HENDERSON
*vs.*
LYND BAIL OF
BROWN.

———————

### *HENDERSON* vs. *LYND, BAIL OF BROWN.*

THE defendant had been bail, in the original action, during the pendency of which, Brown, the defendant, obtained a stay of proceedings; no discharge being granted by the creditors, the plaintiff proceeded to judgment against the prin-cipal, and there being no surrender, judgment was now prayed against the bail.

*A stay of pro-ceedings does not release the bail.*

*Livingston*, for the defendant. The bail was discharged by the order of the judge granting a stay of proceedings. The bail, after it, could not take the principal to surrender him, without be-ing guilty of a breach of the judge's order.

H

FALL, 1811.
First District.

HENDERSON
*vs.*
LYND. BAIL OF
BROWN.

*Depeyster,* contra. It is not clear that, in this territory, the bail may take the principal in order to surrender him; the bail is discharged when the judgment is in favour of the principal, or when he pays the debt or surrenders himself. The record of our suit shews no delivery of the principal to the bail. The latter is with us, like the bail in error in England, which undertakes to pay the debt, if the principal does not.

*By the Court.* The bail, in this country, as in England, are *ex vi termini*, the bailees, the keepers of the principal. Sir Wm. Blackstone, 3 *Com.* 290, says, the security, given for the appearance of a party arrested, is called *bail*, because the defendant is given to him, and is supposed to continue in his custody, instead of going to jail.

FROM the relation in which the parties stand to each other, *bailed* and *bailee*; from the undertaking of the latter, results his right to keep, to take and surrender the former. Bail, in the language of the books, 6 *Mod.* 261, have the principal always upon a string, which they may pull whenever they please, and surrender him in their own discharge.

THAT this power results from the relation of the parties, not from any authority given by the Court, which receives the bail, or the laws of the country, in which the court is held, appears from the bail being allowed to arrest the principal, out

of the district to which the jurisdiction of the Court extends, and even out of the state in which the suit is brought.

OUR bail cannot be likened to the English bail in error : for our statute provides that the surrender of the principal shall exonerate the bail.

CONSIDERING therefore the principal as standing in the situation of a prisoner, whenever he resists the will of his keeper, he is guilty of an escape, and the bail has the same power over him, as an officer has over a person in his custody, who effects his escape. While at liberty, by the permission of the bail, the principal is really in the custody of the bail. If he obtains a stay of proceedings, his situation with regard to the bail, is the same as that of a prisoner in the actual custody of the sheriff. If he attempt to escape, the bail is bound to prevent his going out of his reach, in the same manner as the sheriff would be to prevent the escape of a defendant in gaol. As, therefore, the stay of proceedings would not have released the principal from gaol, it does not release him from the custody of the bail.—— The defendant was therefore bound to prevent the escape of the principal, and might have arrested him, without being guilty of a breach of the judge's order. See *Nicolls* vs. *Ingersol*, 1 *Johnson*, 145.

JUGDMENT FOR PLAINTIFF.