## Case No. 2,356.

### CAMPBELL et al. v. CLAUDIUS.

[Pet. C. C. 484.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1817.

ARREST FOR DEBT—DISCHARGE UNDER INSOLVENT LAWS — DEBT CONTRACTED WITHOUT THE STATE —DISCHARGE ON COMMON BAIL — FOLLOWING STATE LAWS.

1. On a rule to show cause, why the defendant should not be discharged on common bail, he having been discharged under the insolvent laws of the state of Pennsylvania, evidence to show that the discharge had been unfairly and fraudulently obtained, cannot be given.

2. When the debt has been contracted and made payable out of the state, the circuit court will not discharge a defendant arrested for such debt, on common bail, notwithstanding his discharge by the insolvent laws of the state in which such action is brought.

[Cited in Lee v. Gamble, Case No. 8,189.]

3. The laws of the several states as to rights, furnish rules of decision for the federal courts under certain qualifications, but, as to remedies, they have no binding force in these courts.

[Explained in Channing v. Reiley, Case No. 2,596. Cited in Taylor v. Carpenter, Id. 13,785; Cook v. Moffat, 5 How. (46 U. S.) 316.]

Rule to show cause, why the defendant should not be discharged on common bail. The reason assigned was, that the defendant had been discharged under the insolvent law of the state of Pennsylvania. Upon showing cause, it appeared that the plaintiffs were residents beyond sea, and that the contract was made and payable in a foreign country.

The plaintiffs [Campbell, Bowden & Co.] offered evidence to show, that the defendant

had acted unfairly and fraudulently in obtaining his discharge, which evidence was objected to by the defendant.

BY THE COURT. To admit such evidence, upon a collateral motion of this kind, would introduce a practice highly inconvenient, and on this ground the court overrules it.

WASHINGTON, Circuit Justice. The case of Webster v. Massey [Case No. 17,336] was the first in which the court was called upon to discharge on common bail, on the ground of a discharge under the insolvent law of this state, and the motion in that case was overruled. Read v. Chapman [Id. 11,605] was the next case, when the court discharged on common bail, the debt having been contracted in this state; and what made it stronger, was that the plaintiff was one of the assignees. Discharges have since taken place, without opposition, and without any particular enquiry made by the court into the nature of the debts demanded. If they were contracted or payable out of this state, the fact was unknown to the court.

The present is a new question. Ought this court to discharge on common bail, on the ground of a discharge under the insolvent laws of this or any other state, in a case where the debt was contracted and made payable out of this state? In Green v. Sarmiento [Case No. 5,760], this court refused to take notice of a discharge under the bankrupt laws of Teneriffe from a debt contracted in Madeira. In Banks v. Greenleaf [Id. 959], in the circuit court of Virginia, it was decided, that a discharge in Maryland of a debt contracted in Virginia, ought not to be regarded. In Miller v. Hall, 1 Dall. [1 U. S.] 229, and Smith v. Brown, 3 Binn. 201, the contracts on which those actions were founded, were made in the same state in which the debtors were discharged, and an exoneretur was entered by the supreme court of this state in both cases. No case is recollected, where a discharge on common bail has been directed on the ground of a discharge under an insolvent law of a country where the parties did not reside, or in which the contract was not made or to be discharged. It is true, that the courts of the state where the discharge is given, may be bound to discharge on common bail, no matter where the debt was contracted, but the federal courts, or the courts of other states, are under no such obligation, and they ought not on the ground of comity to give it effect in their courts. The state laws, as to rights, furnish rules of decision for the federal courts under certain qualifications, but, as to remedies, they have no binding force in those courts. This is every day's practice. In this case, the debt was contracted and was payable beyond seas, and upon the above principles the defendant is not entitled to appear on common bail, because of his discharge under the insolvent laws of this state. Rule discharged.

---

[1] [Reported by Richard Peters, Jr., Esq.]