HINKLE (STEWART v.). See Case No. 13,-430.

HINKLEY (BROWN v.). See Case No. 2,-012.

HINKLEY (HENDRICKSON v.). See Case No. 6,357.

## Case No. 6,523.

### HINKLEY v. MAREAN.

[3 Mason, 88.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1822.

PLEADING—IN BAR—LEX LOCI.

1. A discharge of the person and present estate under the insolvent acts of Maryland, cannot be pleaded in bar of a suit in the circuit court in Massachusetts, so as to discharge the party from the common execution.

[Cited in Woodhull v. Wagner, Case No. 17,-975; Titus v. Hobart, Id. 14.063.]
[See Banks v. Greenleaf, Case No. 959.]

2. The lex loci governs as to remedies.

[Cited in Towne v. Smith, Case No. 14,115.]
[Cited in Hochstadter v. Hays, 11 Colo. 118, 17 Pac. 289.]

Assumpsit on a bill of exchange, drawn at Boston on the 12th of April, 1819, on the defendant [Thomas Marean], at Baltimore, for $2000, payable in sixty days to the plaintiff [David Hinkley], (an inhabitant of Boston), and accepted by the defendant at Baltimore on the 17th of April. The declaration alleged a breach by non-payment. The principal pleas were founded on the statutes of insolvency of Maryland of 1805 and 1809, whereby the defendant, being then an inhabitant of Maryland, and entitled to the benefit of the acts, was, on the 3d of September, 1819, duly discharged and his property assigned. The Maryland acts discharge the contract and "the person, estate, and effects of the insolvent, except any that may afterwards be acquired by gift, descent, or in his own right by bequest, devise, or in any course of distribution;" and the defendant accordingly (averring in one of his pleas, that he had not subsequently acquired any

[1] [Reported by William P. Mason, Esq.]

such) prayed in the language of the acts, that his person, estate, and effects, save and except any property, if any there be, after the 3d of September, 1819, by him acquired by gift, &c., may be discharged, and that the plaintiff may be precluded from further prosecuting his said suit and for his costs. To these pleas there was a demurrer and joinder.

William Sullivan, for plaintiff.
Bartlett & Shaw, for defendant.

STORY, Circuit Justice. My opinion is, that the pleas of the acts of insolvency of Maryland, set forth by the defendant, are bad in point of law, and offer no defence to the suit. So far as these acts purport to discharge the contract, it is sufficient to say, that they are void, falling directly within the authority of Sturgis v. Crowninshield, 4 Wheat. [17 U. S.] 122. So far as they authorize a discharge of the person, estate, or effects of the insolvent before the 3d of September 1819, they are merely local, and can have no authority here. They are addressed to the lex fori. The present suit is to be decided by the law of Massachusetts; and a discharge of the person of the debtor in another state, which leaves the contract in full force, has no effect to discharge the person here. No court gives effect to the local laws of another country or state, in respect to the forms or force of process. When the right exists, the remedy is to be pursued according to the lex fori, where the suit is brought. It is true, that in the case of Melan v. Fitzjames (1 Bos. & P. 138) a different rule was laid down by Lord Chief Justice Eyre and Mr. Justice Rooke, against the opinion of Mr. Justice Heath. But that case has been since disapproved of (Lord Ellenborough in Imlay v. Ellefsen, 2 East, 454, 455), and has been certainly overruled in the supreme court of New York. Smith v. Spinolla, 2 Johns. 198; White v. Canfield, 7 Johns. 117. But see [Miller v. Hall] 1 Dall. [1 U. S.] 229, 261; 3 Bin. 201; 5 Bin. 336. The general principle, which governs in cases of this nature, has been recognized in the supreme court of the United States on more than one occasion. Fenwick v. Sears, 1 Cranch [5 U. S.] 259; Dixon's Ex'rs v. Ramsay's Ex'rs, 3 Cranch [7 U. S.] 319. And the same principle has been in its full extent admitted as the law of Massachusetts. Pearsall v. Dwight, 2 Mass. 84. Considering then, as I do, that the discharge of the person in Maryland does not discharge the insolvent from arrest here, upon any subsisting contract against him, it is impossible, that the prayer of the plea can be granted. It would be to give a judgment wholly unknown to our laws, and wholly unauthorized by them. Judgment for plaintiff.