## Ex parte Edward Lafonta.

The act of 28 March, 1840, abolishing imprisonment for debt, by relieving bail from the obligations they had entered into, deprived them of any right over their principal.

In the absence of all evidence, the laws of another State will be presumed to be the same as our own. But where the law is shown to have been the same, the repeal of the law in this State, will not authorize the assumption that it has also been repealed in the other ; such repeal, if it exist, must be proved by the party interested to establish it.

Bail may arrest the principal out of the State in which the bail bond was given, and even after the latter has obtained a stay of proceedings.

Bail, when authorized to arrest the principal, may obtain, on the production of the bail piece, the assistance of a sheriff or constable, or an order from a court or magistrate, to arrest such principal.

APPEAL from the District Court of the First District, *Buchanan*, J.

MARTIN, J. Bruce and Hayes are appellants from a judgment which discharges Lafonta on a writ of *habeas corpus*, from their custody, as his bail in a suit brought against him in the State of

Massachusetts, where he was arrested by a writ of *capias ad respondendum*, and obtained his liberty by the execution of a bail bond in which the appellants joined him ; almost immediately afterwards, Lafonta came to New Orleans, where they obtained, on the production of the bail piece, from the Commercial Court of this city, an order to the sheriff to arrest him and deliver him to them, in order that they might be enabled to surrender him as their principal, in the court of the State of Massachusetts which had issued the writ on which they became bail. The petitioner having been arrested by the sheriff on this order, obtained from the Court of the First Judicial District a writ of *habeas corpus*, on which he was discharged ; the District Court being of opinion that the petitioner was arrested and confined in a case where the law does not allow the issuing of orders of arrest and imprisonment, and that the Commercial Court of New Orleans had exceeded its jurisdiction, as defined by law, in ordering said arrest.

*Durell,* for the appellants. The judgment of the District Court is erroneous. The principal is considered to be always in the custody of his bail, who may surrender him when they please. 8 Pick. 138. 5 Espinasse, 172. 17 Mass. 169. 2 Comyn, 46, note f. No. 13, No. 18, p. 50. 7 Johns. 144. 2 Mart. 57. The principal may be arrested by the agent of the bail. 1 Moore's Index, 120. 2 Wheeler, 108, No. 2. 1 Johns. Cases, 413. 7 Johns. 144. Code Pract., arts. 233, 234. The principal cannot deprive his bail of the right of surrendering him, by placing the latter on his schedule as an insolvent. The insolvent laws of this State cannot exonerate the bail in Massachusetts. 6 Wheeler, 65, Nos. 1, 2, 3, 4, 5, 6, 7, 9, 10. 4 Condens. Rep. U. S. 423. 3 Mason, 88. 4 Mart. N. S. 277.

No counsel appeared for the appellee.

MARTIN, J. If the appellants had been bail for Lafonta in a suit depending in any of the courts of this State, there is no doubt that he could not be retained by them since the abolition of imprisonment for debt, because the act abolishing it relieved them from all the obligations they incurred by becoming his bail, and consequently deprived them of any right over him. The record shows that the appellants became bail for Lafonta in the city of Boston, on the 30th of August, 1836 ; that judgment was obtained against

him, and a *scire facias* sued out against them. That, on the 1st of February, 1840, they applied to the Commercial Court in this city, for an order for his arrest, on the production of the bail piece. That the order was immediately granted, and executed by the sheriff. On the 28th of March, the Governor approved the act to abolish imprisonment for debt; and it was promulgated on the 17th of April following. On the 20th Lafonta applied for, and obtained a writ of *habeas corpus* from the Court of the First District, under which he was discharged on the 28th of the same month. The record further shows that the petitioner surrendered his property to his creditors, on the 26th of July, 1839. The decision of the Superior Court of the late Territory, in the case of *Henderson* v. *Lynd*, 2 Mart. 57, goes the whole length in support of the right of the bail to arrest his principal even out of the State in which bail was given, and after the latter has obtained a stay of proceedings. The record of the proceedings of the court in Massachusetts against both parties now before us, shows that bail is given in that State in the same manner as in this. This has been shown in argument by a reference to the Revised Code of that State; and, in the absence of other evidence of her laws, we are to presume they are the same as ours. On this principle we feel no hesitation in saying, that no possible doubt can exist as to the legal detention of the petitioner by his bail until the 18th of April, 1840. The only point upon which the least doubt can rest is, whether, on the 20th of April, 1840, three days after the promulgation of the act of the legislature abolishing imprisonment for debt, Lafonta was entitled to his liberation, as he would have been, had the bail been given in one of the courts of this State; and whether we are to assume that imprisonment for debt was abolished in Massachusetts, at the same time that it was in this State. It does not appear to us that we can. If the law of Massachusetts, which authorized imprisonment for debt, be repealed, it is a matter which can not be assumed on the mere presumption arising from the repeal of the same law here.

The appellants having shown that they became bound to produce the body of their principal under an existing law of the State of Massachusetts, and at his instance and request, and that they became, consequently, entitled to keep and detain him for that

purpose, he must show, in order to be relieved, that the law under which they claim the exercise of their rights, has been repealed, if he urges the repeal. The right of the bail to seize his principal being admitted, it follows as a corollary, that, to avoid resistance and to prevent the appearance of a breach of the peace, he may, on the production of his bail piece, obtain the assistance of the sheriff or constable, and also, if necessary, the order of a court of justice or magistrate. We are unable to see on what ground the judge *a quo* concluded that the Commercial Court erred in granting an order of arrest.

It is, therefore, ordered that the judgment be reversed, and that the appellee remain in the keeping and custody of the appellants, his bail, in order that they may surrender him in their own discharge; and that he pay the costs in both courts.