# TYLER TERM, 1863.

---

## JACOB McFARLAND v. G. W. JOHNSON.

Appellee was enrolled by appellant as a conscript. On the 2d of March, 1863, appellee sued out the writ of Habeas Corpus, alleging that he was illegally restrained of his liberty by appellant. On the trial in the Court below, appellee was discharged ; from which judgment appellant prosecuted his appeal. *Held*, that the respondent, on an application for the writ of Habeas Corpus, cannot appeal from a judgment of the District Court, or a Judge sitting in Chambers ; and that an appeal in such cases is restricted to the applicant.

A proceeding upon a writ of Habeas Corpus, when not used to relieve against illegal restraint under a criminal charge, cannot, in the proper sense of the term, be regarded as a civil suit: it should rather, it seems, be held the exercise of a special jurisdiction conferred by the Constitution and laws, upon either the Courts or Judges, for the prompt relief of the citizen against any improper interference with his personal liberty.

Appeal from Bowie. Tried below, before the Hon. B. W. GRAY.

*S. H. Pirkey*, for appellant.

MOORE J., delivered the opinion of the Court, cited, Widdington v. Sloan, 15 B. Mon., 147 ; Bell v. The State, 4 Gill, 304 ; Wade v. Judge, 5 Ala.; Beury v. Mercier, 5 How., 103 ; How v. The State, 9 Miss., 690 ; Russell v. The Commonwealth, 1st P. & Watts, 82 ; ex parte Perkins, 2 Cal., 424 ; Holmes v. Jennison, 14th Peters, 540 ; Yates v. The People, 6 Johns., 338 ; ex parte La Fonta, 2 Rob., 495 ; Cowan v. Briggs, 16 Peck., 203 ; The State v. Cheesman, 2 South., 445 ; The State v. Enet and The State v. Potter, Dudley Law Rep., S. C., 295.

Appeal dismissed.