McFarland v. Johnson.

## JACOB McFARLAND v. G. W. JOHNSON.

The respondent on an application for the writ of *habeas corpus* cannot appeal from a judgment of the District Court, or a judge sitting in chambers. An appeal in such cases is restricted to the applicant.

A proceeding upon a writ of *habeas corpus*, when not used to relieve against illegal restraint under a criminal charge, cannot, in the proper sense of the term, be regarded as a civil suit; it should rather, it seems, be held the exercise of a special jurisdiction conferred by the constitution and laws, upon either the courts or judges, for the prompt relief of the citizen against any improper interference with his personal liberty.

APPEAL from Bowie. Tried below before the Hon. B. W. Gray.

The facts sufficiently appear from the opinion of the court.

*S. H. Pirkey*, for appellant.

*W. S. Todd*, for appellee.

MOORE, J.—This case is brought to this court by an appeal taken from a judgment of the Hon. B. W. Gray, judge of the eighth judicial district, on an application for *habeas corpus*, heard before him, in open court, during the last term of the District Court of Bowie county. And it presents for our consideration the important question, whether this court can by the appeal of the respondent acquire jurisdiction of the case.

No objection to the appeal has been raised by the applicant, and we have not, consequently, been aided in the investigation of the question by the argument of counsel.

As this is the first occasion that this point has been before the court, we have endeavored to give it such consideration as its importance demanded and the pressure of other business would permit, that we might neither rashly exercise an usurped and unauthorized jurisdiction, nor on the other hand deny to any one a constitutional right of being heard in the court of last resort.

The right of appeal (almost universally at the instance of the applicant,) has been a frequent matter of debate in the American courts, and though it seems to be sanctioned and maintained to some extent by Chief Justice Taney and some of his distinguished associates of the Supreme Court of the United States, while it was the most learned and exalted tribunal of a once free and enlightened nation, it has been repudiated and denied by the almost universal weight of authority of the ablest courts and jurists of the continent. (See Weddington v. Sloan, 15 B. Mon., 147; Bell v. The State, 4 Gill., 304; Wade v. Judge, 5 Ala.; Barry v. Marcein, 5 How., 103; How v. The State, 9 Miss., 690; Ex parte Perkins, 5 Cal., 424. *Per contra*, Holmes v. Jennison, 14 Pet., 540; Ex parte Lafonta, 2 Rob., 495; Yates v. The People, 6 John., 338.)

It seems, also, to have been well settled in England, from the time of Lord Coke, that a writ of error will not lie upon an award made on the return of a writ of *habeas corpus*. (See opinion of Ch. J. Kent, in the case of Yates v. The People, 6 John., 423, and authorities there cited.)

These authorities, however, whether English or American, though entitled to our profoundest respect for the great learning and ability displayed by them, and although they may be profitably examined for the light they shed upon the origin, nature and object of the writ, and as aids to us in interpreting our statutes relating to it, cannot be referred to as determining in our courts the question of the jurisdiction of the court on an appeal. Our laws with reference to the writ furnish the rule by which the court must be guided. And unless there is a distinction grow-

ing out of the purposes for which the writ may issue, the Code of Criminal Procedure clearly negatives the right of the respondent to prosecute an appeal. In article 718 it is enacted that "An appeal may be taken from the District to the Supreme Court by the State in the following cases, and no others: 1. When the District Court sustains an exception of the defendant to the indictment or information. 2. When the District Court sustains a motion of the defendant to arrest the judgment." And article 719 declares: "An appeal may be taken by the defendant in every case where judgment of conviction has been rendered against him in the District Court, or where such a court or a judge thereof, or a judge of the Supreme Court, has decided against an application of the defendant under *habeas corpus.*"

It is very clear, as we have said, unless it can be held that an application of the character of the one now before the court does not come within the purview of these articles of the Code, that they are conclusive against appellant's right to prosecute this appeal. Can this be done? We think not. It may be said that these articles of the Code have reference only to applications for *habeas corpus* when the applicant is in custody after an indictment, or stands charged with a criminal offence; but when this is not the case, the application is to be regarded in the nature of a civil suit or proceeding, to which the same incidents and rights would attach as in other civil suits. This, however, to its full extent, is hardly correct, and rests upon a mistake as to the true object and purpose of the writ. "A procedure by *habeas corpus,*" says Judge Betts in the case of Barry v. Marcein, "can in no legal sense be regarded as a suit or controversy between private parties." And the writ, it is said in Massachusetts, should always run in the name of the State. (See Comm. v. Briggs, 16 Pick., 203; Wade v. Judge, 5 Ala., 130.) And in the case of The State v. Cheeseman, 2 South., 445, Southard, J., says: "It is for the relief of the *prisoner* and the *prisoner* only. It is to inquire why the liberty of the citizen is restrained."

That the State has a direct and immediate interest in the wrongful detention of any of its citizens, and is bound to afford them the means of a speedy restoration of liberty seems to have

been the view taken of the matter by the legislature when enacting the Code of Criminal Procedure, for we find the proceeding by *habeas corpus* provided for, and proceedings under it regulated, not only in cases where the applicant is restrained under a criminal charge, but in all others where it may be issued "for the enlargement of persons illegally held in custody." And this being so, we think it can hardly be said that the article restricting the right of appeal to the applicant for the writ was not intended to be equally general in its operation. (See Code Cr. Pro., Art. 137, 138, 139, 178, 179, and 181.)

Nor does the right to prosecute this appeal stand upon better grounds, when we look at the general jurisdiction of this court upon appeals and writs of error, and the statutes enacted for the purpose of securing and carrying it into effect. The jurisdiction of the court is conferred and defined by article 4, section 3 of the constitution, which declares that "the Supreme Court shall have appellate jurisdiction only, which shall be co-extensive with the limits of the State; but in criminal cases and appeals from interlocutory judgments, with such exceptions and under such regulations as the legislature may make. And the Supreme Court and judges thereof shall have power to issue writs of *habeas corpus*, and under such regulations as may be prescribed by law may issue writs of *mandamus*, and such other writs as may be necessary to enforce its own jurisdiction, and also to compel a judge of the District Court to proceed to trial and judgment in a cause." This constitutional declaration of the extent of the jurisdiction of the court, it certainly will not be said confers, of itself, without or contrary to legislative enactment, upon this court revisory power over all matters that may be drawn in question in the District Courts, or other inferior tribunals, in the exercise of their legitimate jurisdiction. Nor does the act organizing the court, which enacts that it "shall have appellate jurisdiction over all manner of pleas, plaints, motions, causes and controversies, both civil and criminal, which may be brought before it from the District Court or any other courts of the State, and which shall be cognizable in the said Supreme Court, according to the laws and constitution of the State," have this effect. To assert the affirmative would be to

claim for the court the power to revise, and the right to prescribe the mode of bringing before it for review a large class of questions that the legislature have heretofore thought proper to leave for decision to the inferior courts. But in determining whether this court can review the judgment of the District Court in this case, it is necessary for us to see that it is a matter over which the court can take jurisdiction consistently with its constitutional grant of power, and that its power to revise it may be invoked to action by an appeal. The right, however, to review the action of the District Court by appeal is confined exclusively to its final judgments or decrees in civil suits. (O. & W. Dig., art. 553.) The authorities we have heretofore referred to, we think, clearly show that a proceeding upon a writ of *habeas corpus*, when not used to relieve against illegal restraint under a criminal charge, cannot, in the proper sense of the term, be regarded as a civil suit. It should rather, it seems to us, be held the exercise of a special jurisdiction conferred by the constitution and laws, upon either the courts or judges, for the prompt relief of the citizen against any improper interference with his personal liberty.

To allow appeals by the respondent from the judgment of the court discharging the applicant, would defeat the purpose of the writ as a speedy and prompt relief against illegal detention. If the judgment for the discharge of the applicant may be superseded by an appeal, and the writ shall only be effectual for his security after the proceeding has been reviewed in an appellate tribunal, sitting perhaps at a distant point, and holding its terms at long intervals, it may be well questioned with how much propriety we have been accustomed to boast of the writ of *habeas corpus* as the great palladium of personal liberty. Such a construction would render the writ, in the cases where it is the most imperatively needed, but a solemn mockery. If the judgment should not be superseded by the appeal, the appellate court would be unable effectually to correct the error of the inferior tribunal. The applicant would, probably, have passed beyond the control of the court, and no decision that it could make would, in many cases, effect his recapture, or restoration to the custody from which

the original judgment discharged him. (The State v. Everett, and the State v. Potter, Dudley Law Rep., S. C., 295.)

The authority to grant the writ is conferred upon the court or the judge. It may be made returnable before the judge in court or at chambers; it certainly could not be insisted that an appeal by the respondent would lie from an order made upon it on a hearing before the judge in chambers. Yet, shall the accident or mere matter of convenience of hearing the proceeding in the one place or the other, confer upon or deprive a party of the right of appeal? The proceeding in either case is precisely the same. It is a matter for the investigation of the judge, without the aid of a jury. The questions both of fact and law are presented alone for his consideration. Surely his judgment upon them should have the same effect, whether rendered in chambers or in open court. (Weddrington v. Sloan, 15 B. Mon., 147.)

The fact that the decisions of the District Courts, and the judges when sitting in chambers, on applications for *habeas corpus*, can not be reviewed at the instance of the respondent, may no doubt occasionally result in injustice to individuals, and in questions of public interest, such as that presented in the record before us, occasion a contrariety of decision among the different tribunals that may be called upon to act upon it, that is much to be regretted. But these evils are but slight in comparison with the greater evil that we have seen must result from a different rule. Sound policy forbids the right of appeal being granted to the respondent, and the law has not conferred it upon him.

The case must be dismissed for want of jurisdiction.

Cause dismissed.