## HORACE B. CLAFLIN AND OTHERS, PLAINTIFFS, v. JULIUS FRENKEL AND OTHERS, DEFENDANTS.

*Arrest — order of, granted for the fraudulent disposition by the defendant of property situated without the State — Code of Civil Procedure, sec. 550, sub. 2 — A party who pursuant to the condition of an order releasing him from arrest stipulates not to sue, cannot thereafter avoid such condition.*

This action was brought by the plaintiffs, who were engaged in business in the city of New York, to recover the price of merchandise there sold to the defendants, who were engaged in carrying on business in the city of Mobile, in the State of Alabama. An order of arrest was granted and served upon the defendant Frenkel here, upon the ground that since the purchase of the goods the defendants had fraudulently disposed of their property in the State of Alabama with the intent to defraud their creditors.

*Held,* that the order was properly granted under subdivision 2 of section 550 of the Code of Civil Procedure providing for its issue in actions upon contracts, where the defendant has since the making of the contract removed or disposed of his property with the intent to defraud his creditors; and that the fact that the property so disposed of was situated without the limits of this State was immaterial.

*Blason* v. *Bruno* (33 Barb., 520) distinguished and criticised.

A defendant who is released from arrest, by an order imposing as a condition of such release that he shall stipulate not to bring an action for damages for false imprisonment, and who does so stipulate and obtains his release under such order, is not entitled on appeal to have so much of the order as imposed the condition reversed.

APPEALS by both parties from an order made at a Special Term discharging the defendant Frankel from imprisonment under an order of arrest granted in this action.

*Melville H. Regensburger,* for the plaintiffs.

*Rudolph Sampter,* for the defendants.

DANIELS, J.:

The defendants appealed from that portion of the order which required Frankel, who was under arrest, to stipulate not to bring an action for damages because of his arrest as a defendant after his discharge. He did so stipulate and secured his discharge by complying with that portion of the order; and after having done that it was too late for him to complain that this condition had been

imposed upon him. He received the benefit which a compliance with the condition proposed to him, and could not subsequently appeal from this portion of the order. For that reason his appeal should be dismissed.

The plaintiffs appeal from the portion of the order directing the defendant Frankel to be discharged from imprisonment under the order made for his arrest; and this appeal presents the more important point to be determined for the disposition of the case. It appeared by one of the affidavits made on behalf of the plaintiffs, that they were engaged in business in the city of New York and sold and delivered to the defendants goods and merchandise at prices agreed upon, amounting to the sum of $3,755.90, no part of which had been paid. This affidavit was carelessly drawn, but still it is to be inferred from it, as the plaintiffs were engaged in carrying on their business at the city of New York, that the sales were made at that place, and that the defendants' liability was incurred for the payment of the price of the goods, under and in conformity with the laws of this State, and for that reason when he was found here there would seem to be no impropriety in subjecting him to all the legal remedies which the law secured to the plaintiffs for the purpose of enabling them to obtain payment of their debt.

The order of arrest was made for the reason that the defendants after contracting this debt had disposed of their property with intent to defraud their creditors. This was done in the city of Mobile, in the State of Alabama, where the defendants carried on their business. And that they did so dispose of their property is a fact left free from dispute in the case. Because this disposition was made by them of their property in another State it has been urged that it formed no ground of arrest in an action prosecuted in this State, and that their arrest was unauthorized if the defendants did not subject themselves to that remedy by the fact of the goods being purchased and delivered to them in this State. But as the Code has provided the remedy of arrest, it has not made it dependent upon any such distinction It has, on the other hand, declared in general terms that the defendant may be arrested in an action upon contract, express or implied, other than a promise to marry, where since the making of the contract he has removed or disposed of his property with intent to defraud his creditors. (Code of Civil

Pro., § 550, sub. 2.) This remedy has been provided for in terms so broad as to be subject to no exceptions. In language certainly it includes all actions on contract against a defendant who has removed or disposed of his property, intending thereby to defraud his creditors.

The Code itself has not declared this to be a violation of the obligation of the debtor to his creditors, but it arises out of the general principles of law adopted to secure the substantial morality and good faith of persons engaged in trade. At the common law, and wherever its principles may be observed, the debtor is restrained from making any disposition of his property, intending thereby to defraud his creditors. This obligation is recognized and in some form is enforced, wherever the common law prevails, and as that law is presumed to exist in the State of Alabama, it was obligatory upon these debtors carrying on their business there. In effect they were prohibited by its wholesome restraint from making any disposition of their property with the intention thereby of preventing their creditors from collecting their debts.

By making such a disposition these defendants violated this restraint of the law and the obligations resting upon them in favor of the plaintiffs as their creditors. And for that violation they became subject to arrest, under this provision of the Code, whenever either of them placed himself within the reach of the process of this court.

The case of *Blason* v. *Bruno* (33 Barb., 520) has been cited and is relied upon as requiring a different construction to be placed upon this provision of the Code. That was an action between parties who were residents of Cuba, where the entire transaction took place, and the court at Special Term discharged the order which had been made for the arrest of the delinquent party. The case very materially differed in its leading circumstances from that which has now been presented. For in addition to those already mentioned it was merely made to appear that the defendant had converted his property into money. But it was not shown that he had in any manner disposed of the money. The order for that reason was probably right, while the principal cause assigned for making it was not in harmony with this general provision of the Code.

A point similar to the one now presented arose in *Brown* v. *Ashbough* (40 How., 226). That was presented under a provision of the same nature as that now contained in subdivision 4, section 549 of the Code of Civil Procedure. The action was upon a contract where the defendant had been guilty of a fraud in creating or incurring his liability. The parties resided in Hamilton, in Canada, where the sale of the property had been fraudulently induced, and for that reason it was claimed that the defendant was not liable to arrest in an action for the recovery of the debt, brought in this court. But on a very full consideration of the case by MARVIN, J., a different conclusion was reached and sustained, and it was held that the defendant was liable to arrest under the same provision, as it was contained in the Code of Procedure, when he was found and proceeded against in this State. The right to arrest him was held to be merely an attribute of the remedy which the laws of this State had provided for the collection of debts that had been fraudulently contracted.

That conclusion was well sustained by the consideration given to it by the learned justice. (Id., 241–243.) And the reasons which supported the arrest in that instance would seem to be equally as applicable to a case of the nature of that now before the court. No substantial distinction can be drawn between the right of the creditor to arrest his debtor in a case where the debt itself has been fraudulently contracted, and the present case where, actuated by a like intent to defraud, the debtor has removed or disposed of his property. In each case the fundamental obligation requiring the observance of good faith in the conduct of the debtor is equally violated, and in one no more than it is in the other.

The construction which was acted upon in the case just referred to was substantially the same as that which was adopted in *City Bank* v. *Lumley* (28 How., 397) and in *Johnson* v. *Whitman* (10 Abb. [N. S.], 111).

And nothing whatever was suggested in *Moller* v. *Aznar* (11 id., 233), which was not consistent with the same view. And that this should be held to be the effect of both these provisions of the law results from the circumstance that the right to arrest the debtor, when the facts essential to it are made to appear satisfactorily in the case, is a part of the remedy secured to the creditor to enable

him to coerce his debtor into the payment of his debt. It has been added to the ordinary course of procedure because of the debtor's positive misconduct in either fraudulently contracting the debt, or after it has been contracted, placing his property with a fraudulent intent, beyond the reach of his creditor. The wrong to the creditor is precisely the same whether the act may be committed in this or another State. And the enactment of a statute on the subject is not necessary for the admonition or information of the debtor that, in his dishonest conduct, he has violated his obligations to his creditor. Consciousness of his misconduct will result from his knowledge of the common principles of trading morality when a debtor, secures the property of another by making use of false representations, or deprives the creditor of the means of collecting his debt, by making a fraudulent disposition of his property. He requires no statutory provision to impress him with the conviction that his act is wrong and should be made the subject of punishment. Wherever, therefore, the creditor may be able to present his case in such a form as to bring it within the terms of the remedial provisions of the law, he should be held entitled to the complete remedy which has been provided for the collection of his demand.

This point was very fully considered in *Whittemore* v. *Adams* (2 Cowen, 626). There, by a cession of the debtor's property, under an act of Congress in force only in the District of Columbia, his person had become exonerated from imprisonment. But notwithstanding that circumstances he was still held liable to arrest under the laws of this State in an action prosecuted here for the recovery of the debt. This conclusion was held to be warranted by the circumstance that the arrest was a portion of the remedy which the laws had here provided for the enforcement of the contract. (Id., 632.) And a similar view received the approbation of the court in *Hinkley* v. *Marean* (3 Mason, 88), and *Titus* v. *Hobart* (5 id., 378). Upon the effect of copious citations of English and American authorities, this has also been declared to be the settled law in section 571 of Story's Conflict of Laws (6th ed.). The principle is there broadly stated and maintained, that a debtor will be liable to arrest on a demand arising against him in another country, when the proceeding taken for its collection includes that as a part of the remedy. This general subject was considered in *Don* v. *Lippmann*

(5 Clark & Finn, 1), where it was held that the party entitled to a legal remedy had the right to enforce it, as it was provided in the country where the proceeding should be taken.

Under the principles sustained by these authorities, as well as the very general language employed in the enactment of this subdivision of the Code, the plaintiffs had the right to arrest their debtors and hold them to bail, when they had placed themselves within the reach of the process of this court.

The case that was made out was all that could be required for this purpose. The order of arrest was a lawful proceeding in the action, and the order by which it was set aside should be reversed and an order entered denying the defendant's motion, and directing his recommitment to the custody of the sheriff, and for the usual costs and disbursements.

DAVIS, P. J., and MACOMBER, J., concurred.

Order reversed and motion denied, with ten dollars costs and disbursements.