### FRALEY v. MARTIN et al.

No. 13415.

Court of Civil Appeals of Texas. Dallas.

Jan. 15, 1943.

Earl R. Parker, Charles T. Davis, Hughes & Monroe, and P. P. Ballowe, all of Dallas, for appellant.

Leland M. Johnson and Andrew J. Priest, both of Dallas, for appellees.

BOND, Chief Justice.

Appellee Watt Martin, Jr., as plaintiff, brought this suit against appellant and the Juvenile Authorities of Dallas County, as defendants, in the nature of habeas corpus proceeding, alleging that he is the father of the two minor children named in the petition and was awarded their care and custody by the Circuit Court of Miami, Dade County, Florida, on October 28, 1940; and that said minors are illegally held and restrained of their liberty by their mother,

Mary K. Fraley, 2902 Maple Avenue, Dallas, Texas, and the Juvenile Authorities of Dallas County, Texas; the prayer is for the issuance of a writ of habeas corpus, to the end that said minors be brought into court and, in hearing, discharged and placed in the custody of the plaintiff. The Juvenile Authorities assert no control over the minors, thus the contest is over the custody of the children as between the parents.

The record reveals that on October 28, 1938, in the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Dade County, In Chancery, Mary K. Martin, in cross-action against her husband, Watt Martin, Jr., was awarded a divorce and the care and custody of their two minor children, Watt Martin, III, and Louise Beaumont Martin, subject to the right of the father to visit the children at reasonable times until further order of that Court. Under this judgment, the mother has had almost the continuous and exclusive care and custody of the children since the date of the decree. Subsequently, on October 28, 1940, the Judge of said Court made and entered an order changing the custody of said minors from the mother to the father. Eliminating the caption and recitals not material here, the order reads: "This cause came on to be heard upon report of the Master heretofore appointed herein, and the court finding that Mary K. Martin, also known as Mary K. Frailey and Mrs. Augustus S. Frailey was served with notice of the application for appointment of Master herein; and that she and her alleged husband, Augustus S. Frailey, were duly served by the Sheriff of Dade County, Florida, with a Witness Subpoenas to be and appear and testify before the Special Master; and it further appearing from said Master's Report that the said Mary K. Martin did not appear before said Master, as a witness, as commanded in the said subpoena to do, and the Court being duly advised in the premises, it is Ordered, Adjudged and Decreed that the Report of the Special Master herein be, and the same is hereby confirmed. It is further Ordered, Adjudged and Decreed that the infant children, Watt Martin, III, and Louise Beaumont Martin, be, and they are hereby awarded to the custody of Watt Martin, Jr., the Plaintiff herein, and the said Mary K. Martin, Defendant, whether she be known as Mary K. Martin, Mary K. Frailey or Mrs. Augustus S. Frailey, be, and she is

hereby ordered and directed to surrender the custody of said infant children to the said Watt Martin, Jr., Plaintiff herein; and that the said Watt Martin, Jr. have custody of said infant children until the further order of this Court. Done and Ordered at Miami, Dade County, Florida, this 28 day of October, 1940."

The aforesaid judgment and subsequent order were duly certified in the form and manner required to entitle them to full faith and credit under the Federal Constitution and Acts of Congress in relation thereto. Other than the recitation in the order, plaintiff offered no further evidence of notice issued and served on the mother, but, on the contrary, made objection to defendant's proving that no notice or citation was ever served upon her, which was sustained by the trial court on the ground that the recitations in the judgment were conclusive and could not be impeached collaterally. In this, we think the court erred.

Writs of habeas corpus in divorce and change of custody of children cases are used merely to litigate the question as to the proper custody of the minors; such is not a procedure calling in question an illegal restraint of the minors who were in the custody of another, in the sense of false imprisonment. Such actions partake of the nature of a suit in equity; the rights of the parties and the minors' welfare are determinable as in any action. However, the pleadings are of little importance in causes of this nature as the Judge has broad equitable powers, unlimited by technical rules of procedure and pleadings. It will be observed that the judgment of the trial court is predicated on the sole proposition that the judgment of the Florida Court, by which the father was awarded custody of his minor children, cannot be impeached by proof that the defendant in judgment had not been served with process or notice when the recitals in the judgment entered show that she had been duly served. This being a civil action and the judgment rendered being a final adjudication as to the custody of the minors, the right of appeal follows.

The Federal Constitution (Art. 4, § 1) requires that full faith and credit be given by each state to the public acts, records and judicial proceedings of every other state, and the Act of Congress (28 U.S.C.A. § 687) passed in pursuance thereof does not prevent inquiry by the courts of one state into the jurisdiction of a court of another state by which a judgment was rendered; but the record of such judgment may be contradicted as to the facts necessary to give the court jurisdiction. Thus, if it be shown that the jurisdictional facts did not exist, the record of the judgment will be a nullity, although it may recite that such facts did exist. Norwood v. Cobb, 24 Tex. 551, 552; Vickers v. Faubion, Tex.Civ.App., 224 S.W. 803; Cooper v. Brazelton, 5 Cir., 135 F. 476; 26 T.J., § 575, p. 424. At most, the recitals in such foreign judgment are merely evidentiary, which may be impeached by proof; the question of jurisdiction is always open to inquiry when coming under the control of a court having jurisdiction of the subject-matter of the person or thing involved in the litigation. If the Court of Florida had jurisdiction over the person of the defendant, Mary K. Fraley and the minor children, the judgment would import absolute verity and preclude all further examination; but if the Florida Court had no jurisdiction, the judgment there rendered would not be entitled to faith and credit; so, the question of service or notice conferring jurisdiction on the Florida Court was one of fact for the determination of the trial court in these proceedings.

The defendant testified that she was not served with notice or citation in the subsequent order changing the custody of the minors, and was not domiciled in the State of Florida on the date of the purported order; and offered to prove by other witnesses that she had no service or notice of the suit in the Circuit Court at Miami, Dade County, Florida, in which the judgment was entered, which was by the trial court denied to her. We think the defendant should have been permitted to impeach the jurisdictional fact of the Florida Court, and, if it should appear that the judgment was a nullity for lack of service, then the further issue would arise as to whether the defendant and the minors are legally domiciled in Texas, and, if so, to whom should the custody of the minors' welfare be awarded. Manifestly, these issues, as well as that of jurisdiction of the Florida Court, were not fully developed by pleadings or proof, due primarily to rulings of the trial court that the judgment of the Florida Court could not be attacked collaterally in these proceedings; hence no proof would be available in this action to establish the ultimate issues involved.

Then, too, it will be seen that in the subsequent order of October 28, 1940, there is no recitation that the defendant, Mary K. Fraley, was served with notice or citation of plaintiff's petition or motion to change the custody of the minor children from the mother to the father; the recitations are merely that the defendant was "served with notice of the application for appointment of Master," and that she and her husband were "duly served by the Sheriff of Dade County, Florida with a Witness Subpoenas to be and appear and testify before the Special Master." It will be assumed, in the absence of pleadings and proof, that the law of the state of Florida relating to jurisdictional facts and the issuance and service of citation, is the same as the law of Texas. Service of citation for the appointment of a Master and to give testimony before the Master, upon which the court may enter judgment, does not confer jurisdiction on the court to render judgment. A petition for change of custody of minors, whether filed in the original suit, or in a subsequent independent action, partakes of the nature of a new suit, requiring citation to be issued and served on the defendant. The record is silent as to such process.

The erroneous conception of law by the trial court requires a reversal and remand of the cause to the court below to be tried consistent with this opinion. Accordingly, the judgment is reversed and remanded.