ISRAEL v. ISRAEL

(Circuit Court, E. D. Pennsylvania. May 20, 1904.)

No. 24.

1. FEDERAL COURTS—JUDGMENTS—JURISDICTION.

Rev. St. § 905 [U. S. Comp. St. 1901, p. 677], providing that the record of a judgment after due notice in one state shall be conclusive evidence in the courts of another state or of the United States of a matter adjudged, etc., prescribes a rule of evidence rather than one of jurisdiction; and hence, where an action is brought in the federal courts on a judgment of a state court, the federal court will look to the original cause of action to ascertain whether it is such a judgment as the federal court has jurisdiction to enforce.

¶ 1. Conclusiveness and effect of judgments as between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank of Memphis v. City of Memphis, 49 C. C. A. 468.

2. SAME—FULL FAITH AND CREDIT.

Where plaintiff obtained a judgment for alimony in a state court, so much of the claim as had been reduced to final judgment was entitled to be given full faith and credit in an action to enforce the same in the federal courts.

3. SAME—FUTURE ALIMONY.

A claim for future alimony under a judgment of a state court is an action of a civil nature within the jurisdiction of the federal courts, other jurisdictional requisites being present.

Beck & Robinson, for plaintiff.

David Wallerstein, for defendant.

HOLLAND, District Judge.    The plaintiff, Tillie B. Israel, a citizen of the state of New York, brought suit against Abraham Israel, a citizen of Pennsylvania, residing in the city of Philadelphia, for the sum of $2,353.85, with interest, upon the following cause of action: In May, 1899, Abraham Israel began an action in the Supreme Court of New York to secure an absolute divorce from his wife, Tillie B. Israel. His wife filed an answer, denying the charges made, and set up a counterclaim, in which she asked for a separation from her husband, Abraham Israel, and for maintenance. In July, 1902, the Supreme Court of New York made a decree dismissing Abraham Israel's complaint, sustaining Tillie B. Israel's counterclaim, and decreeing to her a separation from bed and board of the plaintiff, her husband, and a separate abode and maintenance from the plaintiff, by reason of his abandonment of and refusal to support her; regulating the custody of the children of the marriage; and awarding Tillie B. Israel alimony in the following terms:

"That plaintiff (Abraham Israel) pay to the defendant (Tillie B. Israel) weekly on Monday of each week commencing on the 30th day of June, 1902, and until the further order or judgment of this court, the sum of thirty dollars for the support and maintenance of defendant and the said children; such payment, however, not to be in lieu of dower or right of dower of the defendant in plaintiff's real estate, or any interest in his personal estate in case of his death intestate."

Also adjudging that Abraham Israel should pay the costs, which were subsequently settled by the decree of the court at the sum of $223.85.

The plaintiff claims in her statement that none of the weekly payments due her under this decree have been paid. The defendant filed a demurrer to this statement, and sets up a lack of jurisdiction in the Circuit Court of this district, for the reason that article 4, § 1, of the Constitution of the United States, which requires that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, does not include an order of a state court for alimony, such as is set up in this case, because it is not a final judgment or a final decree for a fixed sum. If the demurrer's contention that the weekly alimony, due at the time suit was instituted here, amounting to $2,130, with interest, decreed to the plaintiff, cannot be made the basis of a suit here, the claim in this case would be reduced below the sum of $2,000, giving the Circuit Court jurisdiction on the ground of adverse citizenship.    The full faith and credit clause of the Constitution, above referred to, together with Rev. St. § 905 [U. S.

Comp. St. 1901, p. 677], establishes a rule of evidence, rather than one of jurisdiction. "While they make the record of a judgment rendered after due notice in one state conclusive evidence in the courts of another state or the United States of the matter adjudged, they do not affect the jurisdiction. A judgment rendered in one state does not carry with it, in another state, the efficacy of a judgment upon property or person, to be enforced by execution. To give it the force of a judgment in another state, it must be made a judgment there; and can only be executed in the latter as its law may permit. The essential nature and real foundation of a cause of action are not changed by recovering judgment upon it, and the technical rules, which regard the original claim as merged in the judgment, and the judgment as implying a promise by the defendant to pay it, do not preclude a court, to which a judgment is presented for affirmative action (while it cannot go behind the judgment for the purpose of examining into the validity of the claim), from ascertaining whether the claim is really one of such a nature that the court is authorized to enforce it." Wisconsin v. Pelican Insurance Company, etc., 127 U. S. 265, 8 Sup. Ct. 1370, 32 L. Ed. 239. The court therefore will look into the original cause of action, where such a judgment is offered in evidence, to ascertain whether it is such a judgment as will be enforced in the new jurisdiction. If it should appear, as in the case of Wisconsin v. Pelican Insurance Company, that the judgment had been obtained in the other state in the enforcement of its criminal laws, the court will refuse to enforce it, because the federal courts have no jurisdiction over controversies between citizens of different states in suits to recover penalties for a breach of the municipal laws of the state where the judgment was obtained. Such laws have no extraterritorial effect, and a judgment obtained for a penalty cannot be made the basis of a claim in the federal courts, notwithstanding the fact that it has been reduced to judgment, as these courts only take cognizance of controversies of a civil nature between citizens of different states.

Should it appear, then, that the United States will enforce a final judgment of another state, where the cause of action is a decree awarding alimony, which has been reduced to judgment, it is obvious that such a cause of action is not regarded as of a criminal nature, but rather a controversy of a civil nature, of which the Circuit Courts have jurisdiction; and their refusal to carry into effect that part of the decree awarding future alimony is not upon the ground of a want of jurisdiction, but for the reason that it has not been reduced to judgment in the other state. It does not follow, however, that it cannot be made the basis of a cause of action cognizable in the Circuit Court, provable as any other claim or demand is proven. It will not, however, receive the same evidential effect as though it had been reduced to a final judgment, and any defense which could be made to it in the other state can be raised in the new jurisdiction.

The effect of the decisions in Lynde v. Lynde, 181 U. S. 183, 21 Sup. Ct. 555, 45 L. Ed. 810, and Laing v. Rigney, 160 U. S. 531, 16 Sup. Ct. 366, 40 L. Ed. 525, is to establish the fact that alimony is a cause of action cognizable in a federal court, and that so much of the decree of another state, in a cause of this class, as has been reduced

to final judgment, shall receive full faith and credit in the courts of the United States as conclusive evidence of the matters adjudged; but all future payments of alimony must be proven as any other ordinary demand or claim, and reduced to judgment, before recovery upon them can be had; and, if the claim should amount to more than $2,000, as in this case, it can be made the basis of a suit in a Circuit Court, with a right to the defendant to set up any defense he may have. It is a controversy between citizens of different states of a civil nature. "A controversy is involved, in the sense of the statute, whenever any property or claim of the parties capable of pecuniary estimation is the subject of litigation, and is presented by the pleadings for judicial determination. * * * It matters not that by a showing in the statement the defendant would have a good defense to the cause of action. It does not diminish the amount the plaintiff claims, nor determine what is the matter in dispute; for who can say in advance that the defense will be presented by the defendant, or, if presented, sustained by the court? Suppose an action were brought on a negotiable note for $2,500, the consideration for which was fully set forth in the statement, and which was a sale of a lottery ticket, or any other matter distinctly prohibited by statute, can there be any doubt that the Circuit Court would have jurisdiction? There would be presented a claim to recover the $2,500; and, whether that claim was sustainable or not, that would be the real sum in dispute." Schunk v. Moline, etc., Co., 147 U. S. 500, 13 Sup. Ct. 416, 37 L. Ed. 255. The case of Barber v. Barber, 21 How. 582, 16 L. Ed. 226, sustains this view, and has never been overruled. It is there stated: "Such a judgment or decree for alimony, rendered in any state of the United States, the court having jurisdiction, will be carried into judgment in any other state, to have there the same binding force that it has in the state in which it was originally given." If, however, this be restricted, by subsequent decisions, to such part of the decree as has been reduced to final judgment, it nowhere appears that suit cannot be brought for the alimony to be paid in the future, and reduced to judgment. This, however, can be fully considered upon the trial of the cause. It is only determined now that the court has jurisdiction.

The demurrer is overruled.