BRAY v. UNION NAT. BANK OF DALLAS et al. (No. 7787.)

(Court of Civil Appeals of Texas. Dallas. April 14, 1917. Rehearing Withdrawn May 12, 1917.)

JUDGMENT ⬥822(2) — FOREIGN JUDGMENT — FULL FAITH AND CREDIT.

Where a wife in Texas signed notes as surety, and mortgaged her separate property to secure payment, and the payee sued in Oklahoma, and in such suit the wife, by authority given to her husband, filed an answer setting up the defense of the invalidity of the transaction as to her under Texas laws, but the payee secured judgment, such judgment was entitled to full faith and credit, and to be enforced in Texas.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1498, 1499.]

Error from District Court, Dallas County; Kenneth Foree, Judge.

Suit by the Union National Bank of Dallas, Tex., and others, against Erminia C. Bray. Judgment for plaintiffs, and defendant brings error. Affirmed.

Short & Feild, of Dallas, for plaintiff in error. J. E. Gilbert, of Dallas, D. Upthegrove, of St. Louis, Mo., and Spence & Haven, of Dallas, for defendants in error.

RAINEY, C. J. Plaintiff in error, Erminia C. Bray, being a married woman and being joined by her husband, did in 1910, in the city of Dallas, Tex., sign as surety two promissory notes, and to secure payment of same did execute a mortgage on certain lots in the city of Hugo, Choctaw county, Okl., said lots being her separate property. Said notes becoming due and default in payment being made, suit was brought thereon in Choctaw county, Okl., and judgment was rendered for the amount of same and foreclosure of said mortgage on said lots, which were sold by virtue of said judgment and proceeds of sale credited on said judgment, leaving a balance due on same.

This suit was brought by appellees in Dallas county, Tex., to establish said judgment and recover the balance due on same against Erminia C. Bray, and others. Erminia C. Bray answered by general and special demurrers, general denial, and specially: That the Bray Company, for which she went security, was a Texas corporation domiciled in Texas, and the business carried on in Dallas, and in which her husband was a shareholder. That she signed said notes with her husband as surety. That she received no consideration therefor, but said notes were for money loaned and merchandise sold to said Bray Company. That the consideration for same was not for necessaries for herself or children, nor was it for the benefit of her separate property. That at the time said notes and mortgage were executed she and her husband were domiciled in Dallas, Tex., and same were executed in said city of Dallas and were Texas contracts. That she had no personal knowledge of the suit in Oklahoma. That she never resided without the state of Texas, and was never served with citation to answer. That her husband, E. F. Bray,[1] was living when said action was brought, but is now deceased, and that so far as she knows he authorized her appearance in that behalf, and she is now advised that an answer was filed in said cause in which it was charged that she was a married woman, the wife of her codefendant in said action, at the time said notes and mortgage were executed. That no consideration of any kind had passed to her from the plaintiffs for said notes and mortgage. That she did not owe the same or any part thereof, and pleaded the disability of her coverture in defense of said action. She repeated her statement that she signed the notes as security for the corporation in which her husband was a stockholder, and that under the laws of Texas no obligation was imposed upon her by signing the same, and that she was not liable for the payment thereof under the laws of the state of Texas, where said contract was made, notwithstanding her signature thereto. That she was advised during the pendency of said action that no recovery could be had against her personally upon said notes. That she trusted her husband to protect her from liability, and never knew that no defense had been made in said cause, nor that a judgment had been rendered against her fixing and establishing any personal liability as the result of said action until she was cited to appear in answer to plaintiff's petition in this cause. That she is now advised that the counsel who appeared at the instance of defendant's husband after filing her answer made no further appearance, but permitted a judgment to be rendered against her, without urging the defense he had pleaded in her

behalf. That being a married woman at the time, the notes which were the basis of the judgment upon which this action is founded were of no effect so far as they relate to defendant, because of her coverture. That there being no liability against her under the laws of the state of Texas, the courts of Oklahoma were powerless to make something out of nothing or create a liability by their judgment where none existed, and that she is not precluded by the judgment purporting to have been rendered against her in said case from now pleading her disability as a married woman to contract any liability on account of signing said notes as security for her husband or for her husband's company, the Bray Company, a corporation, and that plaintiffs are not entitled to recover anything against her on account of said judgment.

Plaintiff by supplemental petition pleaded to defendant's answer general demurrer and special exceptions, general denial, etc.

Special exception to paragraph 4 was:

"Because the plaintiff's action is based upon a judgment obtained against the defendants in a foreign state, and imports verity and precludes an examination of the merits of said judgment, therefore the allegations contained in said paragraph constitute no legal defense to plaintiff's cause of action and should be stricken from the pleadings; and because said allegations on the part of defendants constitute a collateral attack upon the judgment of a foreign state, and thereby deny the judicial proceedings of said state the full faith and credit to which they are entitled, therefore said allegations constitute no legal defense to plaintiff's cause of action, and should be stricken from said pleadings. Said supplemental petition contains eight additional special exceptions directed to the several paragraphs of defendant's answer, repeating the exception to the fourth paragraph already cited. The sixth special exception is directed to that part of the answer in which it is averred that no citation was ever issued or served upon defendant, because the suit is based upon a judgment of a foreign state, which imports verity and precludes an examination of the merits of said judgment. The allegation of lack of service constitutes no legal defense, and should be stricken from said pleading, and because said allegation would deny to the judicial proceedings of a foreign state the full credit to which they are entitled. The seventh special exception is directed to that part of the defendant's answer charging that no consideration of any kind had passed to her from the plaintiffs for said notes and mortgage; that she had signed the same as security for the corporation in which her husband was a stockholder, and that under the laws of Texas no obligation was imposed upon her by signing the same, and that she was not liable for the payment thereof under the laws of the state where said contract was made, for the reason that the plaintiffs' cause of action is based upon a judgment of a foreign state and imports verity and precludes an examination of the merits of said judgment; that said allegations constitute no legal defense to the plaintiffs' cause of action, and should be stricken from said pleadings; and because they constitute a collateral attack upon a judgment of a foreign state, and thereby deny the judicial proceedings of said foreign state the full faith and credit to which they are entitled, they should therefore be stricken from said pleadings."

Plaintiffs' supplemental petition alleged the appearance and answer of Mrs. Bray, and pleaded the defenses here pleaded by her.

This case was submitted to the court without a jury. Defendant's exceptions to nonjoinder were overruled, exceptions to defendant's answer were sustained, and judgment was rendered in favor of plaintiffs against defendants for $13,722.62, and defendant Erminia C. Bray appeals.

The main question involved in this controversy is: Did the judgment rendered by a court of competent jurisdiction in the state of Oklahoma against Erminia C. Bray entitle it to such faith and credit under the federal Constitution and laws of Congress as authorized a court in this state to enforce it by rendering judgment thereon? Or, rather, was the fact that Erminia C. Bray was a married woman and the defense interposed by her being good in Texas, should it prevail against a judgment rendered against her in Oklahoma, where such a judgment was authorized? Erminia C. Bray and her husband were parties to the suit as defendants in Oklahoma. They were both residents of Texas, but the husband filed an answer for both, which she authorized. The case was tried without her appearing, and judgment was rendered against both for the amount of the notes and a foreclosure of the mortgage. The record does not show in the trial of that case whether or not the Texas law was shown, and that she was not individually liable on a promissory note as surety. We presume it was not or that court would not have adjudged her liable. It is not claimed or pleaded by Mrs. Bray that the demurrer and answer by her attorney in the Oklahoma suit were filed without her authority. The court in Oklahoma had jurisdiction of Mrs. Bray by reason of her answer, and also had jurisdiction of the subject-matter. Therefore the said judgment rendered in Oklahoma against Mrs. Bray is entitled to full faith and credit in this state, and is not subject to the attack made in this case. The courts of this state have in many cases recognized and enforced the federal law relating to judgments of sister states. Houston v. Dunn, 13 Tex. 476; Norwood v. Cobb, 24 Tex. 551; Express Co. v. Undertaking Co., 179 S. W. 908.

Defendants insist, in effect, that such a judgment would not have been rendered under the circumstances in a Texas court as contrary to law and the policy of this state, and that the judgment rendered in Oklahoma is not entitled to absolute verity, but in a suit in Texas brought to establish it a defense of coverture is proper and should be allowed. In support of this contention is cited, among others, the dissenting opinion in Fauntleroy v. Lum, 210 U. S. 230, 28 Sup. Ct. 641, 52 L. Ed. 1039. The opinion was rendered by a divided court, five in favor of affirmance and four against, Mr. Justice Holmes writing the opinion for the majority, and Mr. Chief Justice White for the minority. The case was an action upon a Mis-

souri judgment, brought in a court of Mississippi. The declaration set forth the record of the judgment. The defendant pleaded:

"That the original cause of action arose in Mississippi out of a gambling transaction in cotton futures; that he declined to pay the loss; that the controversy was submitted to arbitration, the question as to the illegality of the transaction, however, not being included in the submission; that an award was rendered against the defendant; that thereafter, finding the defendant temporarily in Missouri, the plaintiff brought suit there upon the award; that the trial court refused to allow the defendant to show the nature of the transaction, and that, by the laws of Mississippi, the same was illegal and void, but directed a verdict if the jury should find that the submission and award were made, and remained unpaid; and that a verdict was rendered and the judgment in suit entered upon the same. (The plaintiff in error is an assignee of the judgment, but nothing turns upon that.) The plea was demurred to on constitutional grounds, and the demurrer was overruled, subject to exception. Thereupon replications were filed, again setting up the Constitution of the United States (article 4, § 1), and were demurred to. The Supreme Court of Mississippi held the plea good and the replications bad, and judgment was entered for the defendant."

The majority of the court reversed the judgment of the Mississippi court and upheld the Missouri court.

We feel inclined to follow the dissenting opinion of the minority, as we do not think a judgment of a sister state obtained under such circumstances should carry verity on its face, but should be subject to such defenses that show the transaction illegal in the state where it is attempted to be enforced. While we believe the dissenting opinion is more in consonance with law and equity, the majority opinion is the law of the land, an'd we feel constrained to follow it. The Supreme Court is the final arbiter of this question, and the majority opinion in the case of Fauntleroy v. Lum, supra, is the last expression on this subject, and we feel it our duty to bow to the highest tribunal in the land. Therefore the judgment is affirmed.

Affirmed.