## SMITH et al. v. STOTT.
### No. 4122.

Court of Civil Appeals of Texas. Amarillo.
June 18, 1934.

Will Crow, of Canadian, and H. P. White, of Pawhuska, Okl., for appellants.

Hoover, Hoover & Cussen, of Canadian, for appellee.

HALL, Chief Justice.

The appellant Mrs. Addie Stott Smith was formerly the wife of Thomas R. Stott, and as husband and wife they resided in the state of Oklahoma. Two children were born of their marriage; namely, Thomas Stott, Jr., three years old, and Daisy Margaret Stott, twenty months old at the time she sued her husband for divorce. On the 4th day of April, 1926, in the district court of Osage county, Okl., judgment. was rendered dissolving the bonds of matrimony and awarding to Mrs. Addie Stott Smith the custody of the two children. The decree also ordered the defendant Thomas R. Stott to pay to the plaintiff the sum of $50 per month on the 1st day of each month thereafter for the maintenance, education, and support of the children until they arrive at the age of twenty-one years. She also recovered alimony in the sum of $1,000, payable $40 on the 1st of each month until the whole of said sum had been paid, and the court further ordered the defendant to pay her the sum of $250 as a reasonable attorney's fee. The several sums awarded her have been paid, except the allowance of $50 per month which the defendant was ordered to pay towards the maintenance, education, care, and support of the children. Stott had failed to make payments of said $50 for fourteen consecutive months, aggregating $700.

On the 20th day of March, 1931, in the same case, the district judge entered an order denying the application of Stott to modify the judgment in respect to the $50 per month payment, and allowed plaintiff the further sum of $75 to be taxed against the defendant as attorney's fees.

On the 11th day of May, 1932, the plaintiff, who had in the interim married O. E. Smith, who is joined pro forma as plaintiff in this action, filed her motion in the original divorce suit against Thomas R. Stott praying for a judgment establishing the amount due her under the original judgment. Upon a hearing the court entered judgment in her favor for $700, and the additional sum of $75 as attorney's fees.

This suit was filed on August 27, 1932, in the district court of Hemphill county to recover the amount of said judgment in the sum of $775.. No process or notice of any kind was ever served upon Thomas R. Stott prior to the entry of the judgment against him of $775, and the record shows that he had no actual notice of any such proceeding, and at such time and prior thereto had resided in the state of Texas. In due time Stott filed his plea in abatement in this cause seeking to abate the action upon two grounds: (1) Because the judgment entered against him in the district court of Osage county, Okl., on May 11th, was void because he had not been cited or served with notice of the filing of the motion against him and was a nonresident of the state of Oklahoma by reason of which the Oklahoma court had no jurisdiction to enter a personal judgment against him. (2) Because neither the judgment rendered on April 3, 1926, nor the judgment rendered on May 11, 1932, was a final judgment under the laws of the state of Oklahoma, for the reason that in that jurisdiction the district court of Osage county had the power from time to time to amend, correct, modify, and even annul such orders, and therefore such judgment would not support an action in Texas. Afterwards Stott filed his original answer in this cause, setting up the same matters pleaded in abatement.

A trial to the court without a jury resulted in a judgment against the appellants Addie Stott Smith et vir., from which judgment they have prosecuted this appeal.

■ It is clear from the plaintiffs' petition that they sought to recover upon the judgment for $775 which was entered against Stott on May 11, 1932. This judgment is shown to be void for the want of proper service of process. The plaintiffs did not seek to recover upon the original judgment which was entered on April 3, 1926. The suit was therefore instituted and tried upon an erroneous theory. The original judgment awarding her $50 a month may under the general rule be sued upon and given effect in Texas under the full faith and credit clause of the Federal Constitution (article 4, § 1). Criteser v. Gaffey (Tex. Com. App.) 222 S. W. 193; Caples v. Buell (Tex. Civ. App.) 234 S. W. 429; Sistare v. Sistare, 218 U. S. 1, 30 S. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061.

■ Where a case is tried upon an erroneous theory, the proper disposition to make of it is to reverse the judgment and remand it to the trial court in order that the parties may, by amended pleadings and the introduction of proper testimony, try the case upon a correct theory. Waldo v. G. H. & S. A. R. Co. (Tex. Com. App.) 50 S.W.(2d) 274; Levy Plumbing Co. v. Heating & Plumbing Finance Corp. (Tex. Civ. App.) 66 S.W.(2d) 456; Fidelity Union Casualty Co. v. State (Tex. Civ. App.) 54 S.W.(2d) 1079; Camden Fire Ins. Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 842; Stolaroff v. Campbell (Tex. Civ. App.) 18 S.W.(2d) 838.

The judgment is reversed and the cause remanded.