## McGARRY v. FISHER.

### No. 11664.

Court of Civil Appeals of Texas. Galveston.

Nov. 16, 1944.

Rehearing Denied Dec. 14, 1944.

Lockhart, Hughes & Lockhart, of Galveston, for appellant.

Ressel & Ressel, of Galveston, for appellee.

MONTEITH, Chief Justice.

This is an appeal in an action originally brought by Mrs. Rose McGarry, individually and as administratrix of the estate of William L. McGarry, deceased, in the form of an application for the approval of her final account as administratrix of said estate. She alleged that she was entitled to the entire balance of a fund of $2570.91, which she had collected as such administratrix as wages and bonus due William L. McGarry at the time of his death and that appellee was not entitled to any part of said funds for the reason that she was not a member of William L. McGarry's family.

Appellee, Alice Marie McGarry, a minor, answering by next friend, objected and excepted to the approval of said final account, for the reason that it made no provision for the distribution to her of a fifty per cent interest in the corpus of the estate to which she was entitled as a preferential claim for an allowance as a minor daughter of the deceased.

The county court of Galveston County rendered judgment modifying said account and awarding one-half of said fund to appellant and one-half thereof to the legal guardian of appellee after the payment of certain costs and expenses of administration. It disallowed appellant's claim for commissions for collecting and disbursing said fund, on the grounds that the funds from which such claim was sought to be deducted were exempt property subject only to the payment of the costs of administration.

In an appeal from this judgment to the district court of Galveston County judgment was rendered affirming the county court's order denying appellant's claim for commissions for the collection and disbursing of said fund and awarding one-

half of said exempt property to appellant and one-half thereof to the legal guardian of appellee, after the payment of the costs and expenses of administration 'and all proper costs of court.

The material facts in the record are undisputed. It was stipulated by the parties that appellee, Alice Marie McGarry, was born in the State of Louisiana on October 2, 1928. She is the daughter of William L. McGarry and his then wife, Indianola Huguet McGarry. A short time after appellee's birth, her mother secured a divorce, which included the custody of appellee, from William L. McGarry. Shortly thereafter she married D. M. Fisher, who resided in New Orleans, Louisiana. Appellee has at all times since lived with and been supported by her mother and stepfather in their home in Louisiana. After his divorce from appellee's mother, William L. McGarry married appellant. Shortly thereafter they moved to Galveston, Texas, where they have since lived and maintained their home.

It was stipulated that William L. McGarry lost his life when the Steamship Cranford, on which he was employed as chief engineer, was torpedoed on or about July 30, 1943, and that the only asset of his estate was the said sum of $2570.91, which was due him at the time of his death as wages and bonus and which was collected by the administratrix of his estate.

Article 3485, Vernon's Ann.Civil Statutes, provides that, at the first term of court after an inventory, appraisement and list of claims have been returned, the court shall, by an order entered upon the minutes, set apart for the use and benefit of the widow and minor children and unmarried daughters remaining with the family of the deceased, all such property of the estate as may be exempt from execution or forced sale by the constitution and laws of the State with the exception of any exemption of one year's supply of provisions.

Article 3832, Vernon's Ann.Civil Statutes, enumerates various properties, including "all current wages for personal services," which shall be reserved to every family exempt from attachment or execution and every other species of forced sale for the payment of debts except as provided by statute.

The County Court found in his judgment that on February 28, 1944, that court had,

by an order duly made and entered, authorized the administratrix to set aside to Mrs. Rose McGarry, widow of William L. McGarry, and to such child of the said William L. McGarry, if any, as the court might find entitled thereto, the sum of $2570.91, as exempt property, subject, however, to the payment of the costs and expenses of administration.

■ It has been uniformly held by the courts of this state that while it is the legal as well as the moral duty of both parents to support their offspring, such duty rests principally upon the father, and that he is not absolved nor discharged from such duty though he may be divorced from the mother, nor though such mother may have exclusive custody and control of the child. Hooks v. Hooks, Tex.Civ.App., 139 S.W.2d 305; Hartman v. Chumley, Tex. Civ.App., 266 S.W. 444; Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564.

The early case of Hall v. Fields, 81 Tex. 553, 17 S.W. 82, 84, presented the question as to whether a constituent of his family survived the father so that his resident homestead was exempt from administration for the payment of the debts against his estate, where the father resided alone on the homestead after being divorced by a decree awarding the custody of his minor children to their mother, who thereafter held the children in her actual custody. It was determined by the Supreme Court that the minors were nevertheless constituents of the father's family, the court saying that the award of the custody of the children to the mother made no difference to their right to the exemption, for the reason that "their father was still legally bound for their support, and it would be a double misfortune to them to be deprived, on account of the unhappy termination of the marriage of their father and mother, both of their right to the society and the protection of the father. * * * They have no home; they are the minor children of a father, the head of a family, who has died leaving a homestead."

The rule laid down in the case of Hall v. Fields, supra, was followed in the case of Scripture v. Scripture, Tex.Civ.App., 231 S.W. 826, 827, wherein the court said:

"It is made perfectly clear by our Constitution and the adjudicated cases of this state upon the subject that it is not necessary that the minor child reside with the father at the time of his death to entitle it to a right in his homestead. By article 3413, Vernon's Sayles' Civil Statutes (Now Article 3485, Vernon's Ann.Civil Statutes) the exempt property must be set apart for the use and benefit of three distinct classes of persons namely, (1) the widow, (2), minor children, and (3) any unmarried daughters remaining with the family of the deceased. The qualification, 'remaining with the family of the deceased,' applies only to the third class, and has no application to the second class, the minor children. That the minor child may have been awarded by the court in a divorce proceeding to the custody of the mother makes no difference. The Constitution seems 'imperative in its command that the homestead shall not be taken from the minor children, so long as their guardian may be permitted, under the order of the proper court having jurisdiction, to use and occupy the same.' Even the fact that the minor children are residing with their mother, who has a homestead in her own right, does not destroy their right to the deceased father's homestead."

It is undisputed in the record that appellee was the minor daughter of William L. McGarry, deceased, and that the funds involved were the proceeds of current wages for personal services and bonuses, and they were exempt from execution under said Article 3832.

■ Under the cited authorities the fact that the court awarded the custody of appellee to her mother did not deprive her father, William L. McGarry, of his paternal interest in her, nor did it discharge him of his legal and moral obligation to care for and support her. Although she did not live with him, she was still his minor daughter and a part of his family, and, under said Article 3485, was entitled to have a portion of the exempt property of his estate set apart for her use and benefit.

It follows that the judgment of the trial court must be in all things affirmed.

Affirmed.