## GONZALES v. GONZALES.
### Civ. No. 7620.

District Court, E. D. Pennsylvania.
Nov. 21, 1947.

884

Edward Davis, of Philadelphia, Pa., for plaintiff.

Benjamin H. Renshaw, Jr., of Philadelphia, Pa., for defendant.

WELSH, District Judge.

On February 24, 1944, as a result of a bill filed by the plaintiff, Helene A. Gonzales, against the defendant, John L. Gonzales, for separate maintenance in Chancery of New Jersey, for her support and for the support of three minor children, a final decree was entered. Said final decree, which was consented to by the defendant, provided inter alia, that John L. Gonzales pay to Helene A. Gonzales the sum of $60 per week, or 50% of his net income, whichever is the larger, upon Tuesday of each and every week commencing on the 22nd day of February, 1944, and continuing until further order of the Court, as and for the support and maintenance of the said Helene A. Gonzales and her minor chidren; and that the parties are at liberty to apply to the court for added or other relief or for a modification of the terms of the decree as the circumstances of the parties may require.

In conformity with the provisions of the foregoing final decree the defendant from February 22, 1944 to February 22, 1947 should have paid to the plaintiff the sum of $9,360. However, the plaintiff alleges that defendant's payments during the aforesaid period amounted to only $4,942.50, and there remains due and owing by the defendant to the plaintiff the sum of $4,417.50. It is for this latter amount that the plaintiff on August 6, 1947 filed her complaint in this Court. The matter that is presently before this Court for decision is the defendant's motion to dismiss the complaint on the ground that this Court lacks jurisdiction. The answer to some of the contentions urged in support of this motion are found below.

1. It is conceded that the requisite jurisdictional amount is present but it is argued that diversity of citizenship is lacking. The basis of the argument is that the domicile or residence of a husband and wife is one and the same and that a wife cannot acquire a domicile or residence separate and apart from her husband. However, courts have recognized the ability of a wife to establish an independent domicile

under certain circumstances. It is well established, for example, that a wife can acquire an independent domicile for purposes of obtaining a divorce from her husband and she may choose her domicile without regard to necessity. The case of Barber v. Barber, 21 How. 582, 583, 16 L. Ed. 226, established the doctrine that a wife can obtain her own domicile when it is shown that a judicial separation, i. e., a divorce a mensa et thoro, is in effect and that the wife has in fact established a separate domicile. In Town of Watertown v. Greaves, 1 Cir., 112 F. 183, it was held that while as a general doctrine the domicile of a husband is by law that of the wife, there is an exception where a married woman has been unlawfully deserted by her husband who has gone to parts unknown and ceased to provide for her support, and in such case she may establish a separate domicile, and may acquire citizenship in another State for the purposes of the jurisdiction of a Federal Court, when the right to acquire citizenship therein under such circumstances is recognized by the law of such State.

■■ 2. The current trend with respect to a wife's domicile is that where a husband has deserted a wife or where there has been a mutual abandonment of the marriage relation so that every purpose of the marriage is destroyed, the reason for the rule that the husband can fix the family domicile ceases, and the rule ceases, and the wife is then at liberty to establish a separate domicile for all purposes[1]. We subscribe to the foregoing trend. The record in the instant case—and for purposes of this argument the facts in the record are deemed to be conclusive—discloses that the domicile or residence of the defendant-husband is Pennsylvania and that of the plaintiff-wife is New York. Thus, we conclude that the wife has in fact established an independent domicile and that diversity of citizenship is present in the instant case and that this Court has jurisdiction.

■■ 3. Federal Courts have uniformly disclaimed jurisdiction over suits for divorce or for the allowance of alimony. But, jurisdiction has been accepted in cases where alimony has previously accrued as a debt under orders of other courts of competent jurisdiction—provided, of course, diversity of citizenship and the requisite jurisdictional amount had been involved. Calhoun v. Lang, 4 Cir., 40 F.Supp. 264; Appelgate v. Appelgate, D.C., 39 F.Supp. 887; Barber v. Barber, 21 How. 582, 583, 16 L.Ed. 226. While it is true that the claim asserted in the instant case is based upon a decree for maintenance and support we are of the opinion that for jurisdictional purposes a claim based upon a decree for maintenance and support and one based upon a decree for alimony are essentially the same and that the law applicable to one is applicable to the other. We conclude, therefore, that this Court does not lack jurisdiction on the ground, as contended by the defendant, that the subject matter of this suit is based upon an order for maintenance and support.

■ 4. It is contended by the defendant that an action for support and maintenance is a quasi-criminal proceeding and hence not cognizable in a civil action in the United States District Court. There are, apparently, no cases on point, and to determine whether or not an action for support and maintenance is a quasi-criminal proceeding it is necessary to refer again to the somewhat analogous situation of an action for alimony and the law applicable thereto. The law as stated in Israel v. Israel, C.C., 130 F. 237, lends support to the proposition that an action for alimony is in the nature of a civil action and not of a criminal action. The Court at page 239 of 130 F. said: "Should it appear, then, that the United States will enforce a final judgment of another state, where the cause of action is a decree awarding alimony, which has been reduced to judgment, it is obvious that such a cause of action is not regarded as of a criminal nature, but rather a controversy of a civil nature, of which the Circuit Courts have jurisdiction." We think that the language and law found in Israel v. Israel, supra, is applicable to an

---

[1] Note. Counsel for the defendant states that the husband abandoned the wife. But the conclusion reached is the same whether the defendant abandoned the plaintiff or they mutually agreed to abandon the marriage relation.

action for maintenance and support and that such an action constitutes a civil proceeding and not a criminal or quasi-criminal proceeding.

 5. It is argued that the final decree of the Chancery Court of the State of New Jersey upon which the present action is based is not a final judgment to which a United States District Court can grant full faith and credit under the comity laws of the United States of America. It is clear beyond peradventure of a doubt that the New Jersey final decree is not a final judgment for by its terms it is subject to modification, and to the extent that it need not be given full faith and credit by this Court we are in agreement with the argument of the defendant. However, the fact that this Court will not give full faith and credit to the New Jersey decree does not oust this Court of jurisdiction so as to preclude the plaintiff from coming into this Court to assert a claim for unpaid maintenance and support, which has accrued in accordance with the provisions of the New Jersey decree. Of course, the claim will not receive the same evidential effect as though it had been reduced to a final judgment; it will have to be proved just as any other claim is proved and any defense which could be made to it in the State of New Jersey can be raised in this Court. Israel v. Israel, supra.

6. It is the contention of defendant that the plaintiff waived her rights under the New Jersey decree by obtaining on or about March 11, 1947, in the Quarter Sessions Court of Bucks County (Pennsylvania) an order upon her husband, the defendant, for her support and for the support of the infant children. We are satisfied that the plaintiff in said Bucks County action abandoned or waived her rights under the New Jersey decree only insofar as they relate to future payments for maintenance and support and that she did not intend to abandon her rights with respect to the maintenance and support which had already accrued under the provisions of the New Jersey final decree and which had not been paid. Further, it is the opinion of this Court that questions of waiver or abandonment are not properly subjects of a motion to dismiss but matters of defense to be raised at the trial of the cause.

In our judgment, the other contentions urged by the defendant are without merit and require no comment.

The defendant's motion to dismiss on the ground that this Court lacks jurisdiction is accordingly denied.

An order may be entered in conformity with the foregoing opinion.