**RUMPF v. RUMPF.**

No. 14301.

Court of Civil Appeals of Texas. Dallas.
Feb. 16, 1951.

Rehearing Denied March 6, 1951.

Edward C. Fritz, Dallas, for appellant.
Palmer & Rochelle, Dallas, for appellee.

CRAMER, Justice.

This is an action filed in the court below by appellant seeking a money judgment based upon a Minnesota divorce decree and two supplemental decrees thereunder for a fixed money judgment against appellee.

The background is as follows: On March 29, 1943, in the Seventh District Court of Stearns County, Minnesota, appellant was granted a divorce from appellee. Appellant was also granted custody of their two minor children (one of whom has now reached majority) and, material here, $150 per month "as alimony, both temporary and permanent, and as support for the minor children * * *." The children still reside with appellant in Minnesota. The first supplemental decree entered upon motion of appellant, after service of notice of the motion on appellee in Dallas County, Texas, is in full as follows: "Pursuant to the judgment entered and filed herein, and pursuant to the order of the above named court, dated October 2, 1948, it is Hereby Ordered, Adjudged and Decreed, that the plaintiff be and hereby is granted judgment against the defendant in the sum of Two Thousand Seven Hundred ($2,700.00) Dollars, and it is Further Ordered, Adjudged and Decreed, that execution and all other lawful process of this court be issued to effect the payment of said judgment. Dated at St. Cloud, Minn., this the 4th day of October, 1948."

Another supplemental decree in substantially the same wording and under the same circumstances was entered January 14, 1950 (after personal service of the motion in Dallas), for $2,100.

The original divorce and above supplemental decrees were based on Sections 518.22 to 518.24 inclusive of the Minnesota statutes, M.S.A., and read as follows:

"518.22 Property of husband; permanent alimony

"Upon a divorce for any cause except that of adultery committed by the wife, if the estate and property restored or awarded to her is insufficient for the suitable support of herself and such children of the marriage as shall be committed to her care and custody, or if there is no such estate and property, the court may further order and decree to her such part of the personal and real estate of the husband, not exceeding in value one-third thereof, as it deems just and reasonable, having regard to the ability of the husband, the character and situation of the parties and all other circumstances of the case. The court may also, in the cases provided for in this section, decree to the wife such alimony out of the estate, earnings, and income of the husband as it may deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and other circumstances of the case, and may by its decree make the same a specific lien upon any specified parcels of his real estate, *or authorize its enforcement by execution against his property*, real and personal; but the aggregate award and allowance made to the wife from the estate of the husband under this section shall not in any case exceed in present value one-third of the personal estate, earnings, and income of the husband, and one-third in value of his real estate. (Emphasis ours.)

"518.23 Revision, as to alimony, after decree

"After an order or decree for alimony, or other allowance for the wife and children, or either of them, or for the appointment of trustees to receive and hold any property for the use of the wife or children, the court, from time to time, on petition of either of the parties, may revise and alter such order or decree respecting the amount of such alimony or allowance, and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, *and may make any order respecting any of these matters which it might have made in the original action.* (Emphasis ours.)

"518.24 Security; sequestration; contempt

"In all cases when alimony or other allowance is ordered or decreed to the wife or children, the court may require sufficient security to be given by the husband for the payment thereof, according to the terms of the order or decree; and, upon his neglect or refusal to give such security, or upon his failure to pay such alimony or allowance, the court may sequester his personal estate, and the rents and profits of his real estate, and appoint a receiver thereof, and cause such personal

estate, and the rents and profits of such real estate, to be applied according to the terms of such order or decree. If the husband has an income from any source sufficient to enable him to pay such alimony or other allowance, and fails and refuses to pay the same, the court may order him to pay such alimony or allowance for the use of the wife or the children, or both. If any person or party shall disobey such order, he may be punished by the court as for contempt."

On the trial below our District Court first rendered judgment for appellant for $2,700, but within proper time set aside such judgment and rendered final judgment that appellant take nothing, and it is from this take nothing judgment that this appeal has been duly perfected.

Appellant briefs two points of error, both based on alleged error of the trial court in not rendering judgment for her for the full amount of the two supplemental reduction decrees; first, on the full faith and credit clause of the Federal Constitution, art. 4, § 1, and, second, under principles of comity and public policy. Appellee counters that since the supplemental reduction decrees were not final judgments, they were not entitled to enforcement.

Under the Minnesota Statutes above quoted the award of alimony was subject to review and was not final; therefore it would not of itself sustain a proceeding in Texas under the full faith and credit clause of the Constitution. The material question is whether or not the supplemental decrees sued on were authorized by the Minnesota Statutes, and, also, not subject to review under such statutes by the Minnesota courts. In other words, in order to be binding on the courts of Texas under the full faith and credit provision of the Constitution, such supplemental decrees must create an absolute and vested right in appellant. Quinn v. Quinn, Tex.Civ.App., 216 S.W.2d 1001, writ refused, n. r. e., and authorities there cited; see also the note on such case in 28 Texas Law Review 263.

Where the statutes of another State are pleaded and proven, as here, the courts of this State will refer for construction to the reports and decisions of such other State. Ogg v. Ogg, Tex.Civ.App., 165 S. W. 912. In the Minnesota case of Kumlin v. Kumlin, 200 Minn. 26, 273 N.W. 253, 254, the Supreme Court of that State held: " * * * However, the court in its discretion had the right to consider all of the facts and circumstances and was justified in modifying the judgment in the respect it did. We can see no reason why the court does not possess the same power to relieve a default after it occurs as it possesses to modify the order prior to the default provided a satisfactory showing is made. In this case we approve the discretion exercised by the trial court. See Sivertsen v. Sivertsen, 198 Minn. 207, 269 N.W. 413."

In the Sivertsen case, cited in above quotation, the Supreme Court of Minnesota held:

"Divorce jurisdiction is statutory; 'our district court has no power in the premises not delegated to it by statute.' Ostrander v. Ostrander, 190 Minn. 547, 549, 252 N.W. 449, 450. The section of our statute under which plaintiff proceeded is 2 Mason's Minn.St.1927, § 8603, * * *. (Now Article 518.23 of the Minnesota statute above quoted.)

"The cases cited under the quoted section have given full force and effect to the broad powers provided thereby. So there can be no doubt that the court was well within its jurisdictional authority in modifying the very onerous burdens assumed by plaintiff and imposed by the original judgment. * * *

"Under the quoted section, the court was authorized to 'make any order respecting any of the said matters which it might have made in the original action.' If plaintiff's financial condition had been as precarious at the time of the original hearing as it is now, obviously the court would not nor could it have granted the money allowance therein provided. If conditions were reversed so that at the time of the original trial defendant was impecunious and later became prosperous and possessed of the fortune now lost, can there be any doubt that defendant would have been justified in seeking a modification so as to increase substantially the payment for her support and

that of the children?" Sivertsen v. Sivertsen, 198 Minn. 207, 269 N.W. 413, 415.

We have been cited to no holdings by the Minnesota courts authorizing the supplemental or reduction decrees, and our independent search has failed to lead us to such a case. The same is true of express statutory authority.

Under such circumstances the case of Griffin v. Griffin, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635, and others based on local statutes and/or rules authorizing final supplemental decrees, are not in point and, therefore, not controlling here.

■ We cannot therefore say the supplemental decrees are not subject to review. It is our opinion that under the Minnesota statute which the Supreme Court of Minnesota holds is its sole source of divorce jurisdiction, such supplemental decrees are subject to review. Kumlin v. Kumlin, supra.

■ Appellant also asserts that we should enforce the decrees of the Minnesota court on the principle of comity. To this we cannot agree since it is not the statutory rule, or the public policy, of Texas to provide in a divorce decree for permanent alimony to a wife after divorce; nor for child support after they reach the age of 16 years. Our courts have uniformly held however that after divorce both the father and the mother are liable for the support of the minor children; such duty however being primarily on the father. McGarry v. Fisher, Tex.Civ.App., 183 S.W.2d 1010. And the mother may recover over against the father for sums paid or expended for necessaries for their minor children. Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564. Third parties may recover for the payments for necessaries furnished their minor children if the parents have failed to furnish such necessaries. Hartman v. Chumley, Tex.Civ.App., 266 S. W. 444; Sanger Bros. v. Trammell, Tex. Civ.App., 198 S.W. 1175; Taylor v. Deseve, 81 Tex. 246, 16 S.W. 1008. Neither father nor mother is liable for child support after they become 21 years of age. Texas Employers' Ins. Ass'n v. Birdwell,

Tex.Civ.App., 39 S.W.2d 159. The husband is not responsible for wife support after divorce. Bond v. Bond, 41 Tex.Civ.App. 129, 90 S.W. 1128, and cases there cited. However the court has wide discretion in the division of the property of the parties in the divorce case and may take into consideration in the divorce judgment in such division all circumstances relating to the wife and to the children. Art. 4638, Vernon's Texas Civil Statutes; Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Scannell v. Scannell, Tex.Civ.App., 117 S.W.2d 538.

■ We therefore hold that where the decrees are not enforceable under the full faith and credit clause of the U. S. Constitution, our Texas courts will not enforce the decree under the rule of comity where the same relief sought could not have been awarded under our statutes and decisions to one of our own citizens.

Appellant is entitled under the decisions of our courts to recover from appellee the reasonable amounts expended by her for necessaries for the minor child or children of appellee and herself; however she has not sought such relief in this case nor has she sought any relief other than the enforcement of the Minnesota decree and the supplemental reduction decrees.

For the reasons stated the judgment below must be affirmed.

BOND, C. J., dissents.

BOND, Chief Justice.

I am not in accord with the majority. The roll in this appeal presents a question of law cognizable by Federal Courts as well as by the courts of Texas, whether the decrees of a trial court in the State of Minnesota, conformably to the statutes of that State may be enforced in the courts of Texas under the "full faith and credit" provision of the Federal Constitution, Art. IV, sec. 1, and Acts of Congress enacted pursuant thereto, sec. 687 as amended, 28 U.S.C.A. § 1738; and, too, under the principles of interstate comity recognized by all states, importing absolute verity to the judgment of a sister state.

It is well settled that under the "full faith and credit" clause of the Federal Constitution and Acts of Congress, supra, a judgment by a court of a sister state is entitled to the same recognition and will be given the same credit in courts of Texas as it would receive in the state where rendered, even though the action pleaded and proven be not authorized by our laws, or contrary to our public policy. 26 Tex.Jur., § 572, p. 421; Hastings v. Bushong, Tex. Civ.App., 252 S.W. 246, writ dismissed; Bray v. Union National Bank of Dallas, Tex.Civ.App., 194 S.W. 1165; Fauntleroy v. Lum, 210 U.S. 230, 28 S.Ct. 641, 52 L. Ed. 1039; Kenney v. Supreme Lodge, etc., Loyal Order of Moose, 252 U.S. 411, 40 S. Ct. 371, 64 L.Ed. 638, 10 A.L.R. 716; Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82. There can be no doubt that courts of a sister state may determine what are the essentials of a judgment of record in its own courts. If the decree discloses finality, and the necessary essentials appear in the judgment, as here, it will be recognized in all courts of the Union and entitled to absolute verity, *precluding further examination*. Bruce v. Ackroyd, 95 Conn. 167, 110 A. 835; Fraley v. Martin et al., Tex.Civ.App., Dallas, 168 S.W.2d 536; Oldham v. Oldham, Tex.Civ.App., Dallas, 135 S.W.2d 564; Baumgardner v. Southern Pac. Co., Tex.Civ.App., El Paso, 177 S.W. 2d 317; Cohen v. Cohen, Tex.Civ.App., Austin, 194 S.W.2d 273; Evans v. Evans, Tex.Civ.App., San Antonio, 186 S.W.2d 277.

Under the law of North Carolina the courts of that state in divorce actions reserve jurisdiction to change the decree as to custody of minors and alimony allowances, as in decree of the Minnesota statutes. In the case of Barber v. Barber, supra, the judgment roll of North Carolina was brought into a Tennessee Court to enforce the judgment. The contention was there raised, as here, that the North Carolina judgment was not final because of the reservation of power vested in the trial court to change and modify or annul the decree for alimony. In that case the U. S. Supreme Court holds that under the law of North Carolina the accrued alimony is "a debt" and that the North Carolina judgment for arrears in the payment of alimony was a "final judgment" and that such judgment was entitled to full faith and credit in the Courts of Tennessee, though the laws of North Carolina provide that such orders allowing alimony could be modified at any time. The opinion, edited by Chief Justice Stone, pertinent as well to the Minnesota statutes, says: "This statute by its terms makes provision only for the modification of the 'order of allowance', not of a judgment rendered for the amount of the unpaid allowances which have accrued under such an order. Nor does it state that the order of allowance may be modified retroactively as to allowances already accrued. * * *" [323 U.S. 77, 65, S.Ct. 139.] Concurring in the opinion, Jr. Justice Jackson says: "Whatever else this North Carolina document might be, no one denies that it is a step in a judicial proceeding, instituted validly under the strictest standards of due process. On its face it is final and by its terms it awards a money judgment in a liquidated amount, presently collectible, and provides 'that execution issue therefor.' Tennessee should have rendered substantially the same judgment that it received from the courts of North Carolina. If later a decree is made in North Carolina which modifies or amends its judgment, that modification or amendment will also be entitled to faith and credit in Tennessee.

"Of course a judgment is entitled to faith and credit for just what it is, and no more. But its own terms constitute a determination by the rendering court as to what it is, and an enforcing court may not search the laws of the state to see whether the judgment terms are erroneous. Of course, if a judgment by its terms reserves power to modify or states conditions, a judgment entered upon it could appropriately make like reservations or conditions. No such appear in this judgment unless they are to be annexed to it by a study of the law of North Carolina. Any application for such relief should be addressed to the North Carolina court and not to the Tennessee court nor to this one. The purpose of the full faith and credit clause is to lengthen the arm of the state court and to eliminate state lines as

a shelter from judicial proceedings. This is defeated by entertaining a plea to review the support in state law for the judgment as it has been rendered, which is a delaying inquiry as has been shown by this case."

In Mueller v. Mueller et al., 124 F.2d 544, 548, the Federal Circuit Court of Appeals, 8th District, had for review a judgment of the court of Hennepin County, State of Minnesota, entered under the divorce and separation statutes of that state, wherein an insurance policy was directed by the judgment to be kept in force by the husband, and in addition an allowance of alimony was decreed to be paid to the wife for her support and that of her minor child in installments "so long as the man and wife live apart and *subject to further orders of the court.*" (Italics supplied.) The husband took refuge in the State of Arkansas and subsequently obtained a decree in that state annulling the Minnesota judgment in toto, and attempted to cancel out the insurance policy awarded to the wife. The insurance company filed bill of interpleader in the Federal District Court, because of the diversity of citizenship of such husband and wife, to determine the issues between the husband and wife as to the insurance policy. The contention was there raised, as here, that the Minnesota decree as to all its effect was not final or binding on the Arkansas Court because of the fact that the Minnesota judgment was subject to change. The Federal District Court held that under the full faith and credit clause, *supra*, the Minnesota judgment was binding on the state courts of Arkansas, and, on appeal, the Circuit Court of Appeals affirmed the action of the District Court, holding in effect that the Minnesota judgment vested in the wife all beneficial interest in the insurance policy; saying, pertinent here: "It is obvious that the courts of Arkansas under the decrees procured by Ivan W. Mueller, by virtue of which he claims to have divested his former wife of all interest in the policy in suit, gave no credit or effect to the judgment of the District Court of Hennepin County, Minnesota. The court below, in determining ownership of the policy, gave that judgment credit and effect, as it was required to do."

In Israel v. Israel, C.C., 130 F. 237, 238, the Federal Circuit Court had before it a judgment obtained in a divorce action in the State of New York wherein the wife obtained a divorce and decree of alimony and custody of the children of the marriage. The alimony decree was as follows: " 'That plaintiff (Abraham Israel) pay to the defendant (Tillie B. Israel) weekly on Monday of each week commencing on the 30th day of June, 1902, *and until the further order or judgment of this court,* the sum of thirty dollars for the support and maintenance of defendant and the said children; * * *.' " (Italics supplied.) The weekly alimony was subsequently, as here, reduced to judgment. The Circuit Court of Appeals, Pennsylvania District, holds 130 F. 237, 238, Syl. 2: "Where plaintiff obtained a judgment for alimony in a state court, so much of the claim as had been reduced to final judgment was entitled to be given full faith and credit in an action to enforce the same in the federal courts." See, also, Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905; Lynde v. Lynde, 181 U.S. 183, 21 S.Ct. 555, 45 L.Ed. 810; Barber v. Barber, 21 How. 582, 16 L.Ed. 226.

In Smith et al. v. Stott, Tex.Civ.App., Amarillo, 72 S.W.2d 951, 952, the plaintiffs sought judgment in a Texas court for $775 based upon a judgment of a District Court of Osage County, Oklahoma against the defendant Stott, wherein divorce was granted, two children awarded to the wife, and alimony decreed to be paid to the wife by the divorced husband in the sum of $50 per month for maintenance, education and support of the children until they reach the age of 21 years. The defendant failed to pay the $50 per month alimony for fourteen months, aggregating $700. Subsequently the husband made application to the Oklahoma Court to modify the judgment with respect to the $50 monthly payment, which was refused, and the court entered judgment in the wife's favor for unpaid alimony in the amount of $700, with $75 additional attorney fees. The defendant sought refuge in Texas and instituted suit in Hemphill County to avoid the Oklahoma judgment, contending invalidity because (1) of the lack of service on him to give the court

of that state jurisdiction; and (2) neither the first judgment for monthly alimony nor the second judgment for the lump sum of unpaid alimony were final judgments, "for the reason that in that jurisdiction the district court of Osage county had the power from time to time to amend, correct, modify, and even annul such orders, and therefore such judgment would not support an action in Texas." The Texas trial court of Hemphill County overruled defendant's contentions and on appeal the Amarillo Court of Civil Appeals, opinion by Chief Justice Hall, holds, 72 S.W.2d 951, Syl. 1: "Oklahoma judgment in divorce action awarding wife certain monthly payments from husband, may be sued upon and given effect in Texas under full faith and credit clause of Federal Constitution (Const.U.S. art. 4, § 1)."

In the State of Florida the divorce statutes make provisions (as do the statutes of Minnesota and Oklahoma) that the court in decreeing a divorce retains jurisdiction to award the custody, support and maintenance of the minor children to either parent as the court may determine, and in the decree allow alimony in furtherance of their support; reserving at all times the power to modify the decree and grant changes to meet exigencies that may thereafter arise. In the case of Fraley v. Martin, supra, this Court reviewed the judgment of a court of Florida awarding custody of two minor children to the mother *until further order of that court;* such court subsequently changing and modifying the order, awarding the children's custody to the father "until the further order of this Court." [168 S.W.2d 538.] On appeal from a judgment of the trial court which failed to give "full faith and credit" to the judgment of the Florida Court under the Federal Constitution and Acts of Congress in relation thereto, this Court reversed and remanded the cause, in the opinion saying: "The Federal Constitution (Art. 4, § 1), requires that full faith and credit be given by each state to the public acts, records and judicial proceedings of every other state, and the Act of Congress (28 U.S.C.A. § 687) passed in pursuance thereof does not prevent inquiry by the courts of one state into the jurisdiction of a court of another state by which a judgment was rendered; but the record of such judgment may be contradicted as to the facts necessary to give the court jurisdiction. Thus, if it be shown that the jurisdictional facts did not exist, the record of the judgment will be a nullity, although it may recite that such facts did exist. Norwood v. Cobb, 24 Tex. 551, 552; Vickers v. Faubion, Tex.Civ.App., 224 S.W. 803; Cooper v. Brazelton, 5 Cir., 135 F. 476; 26 T.J., § 575, p. 424. At most, the recitals in such foreign judgment are merely evidentiary, which may be impeached by proof; the question of jurisdiction is always open to inquiry when coming under the control of a court having jurisdiction of the subject-matter of the person or thing involved in the litigation. If the Court of Florida had jurisdiction over the person of the defendant, Mary K. Fraley and the minor children, *the judgment would import absolute verity and preclude all further examination;* but if the Florida Court had no jurisdiction, the judgment there rendered would not be entitled to faith and credit; so, the question of service or notice conferring jurisdiction on the Florida Court was one of fact for the determination of the trial court in these proceedings." (Italics supplied.) So, in the instant case the Minnesota Court had jurisdiction in all the decrees related in this appeal; its judgments should be given absolute verity.

Then, again, in Oldham v. Oldham, supra, opinion edited by our Mr. Justice Looney, dissent by our Mr. Justice Young on other grounds, we held that under the full faith and credit provisions of the United States Constitution and Acts of Congress in relation thereto, the Texas Court was impelled to recognize the judgments of Florida. We cited the holding of our Supreme Court in Goldsmith v. Salkey, 131 Tex. 139, 112 S. W.2d 165, 116 A.L.R. 1293, opinion by Judge Martin; also the opinion of Judge Folley in Evans v. Taylor, Tex.Civ.App., 128 S.W.2d 77–99, wherein Judge Folley announced the rule to the same effect as Judge Martin, supra, reading: "We think it is well settled in our jurisdiction that the two judgments of the Kansas court are res adjudicata of all questions concerning the

right to the custody of the child which were or could have been raised at the time of the respective adjudications, are binding upon all the parties and the decrees are protected by the full faith and credit clause of the Federal Constitution. U.S.C.A.Const. art. 4, § 1. Goldsmith et al. v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293; Id., Tex.Civ.App., 115 S.W.2d 778, 116 A.L.R. 1293. It is also well settled that the finality of such judgments obtains so long as the circumstances remain the same. Such rule, however, does not bar a subsequent proceeding to modify or change the former award provided conditions have changed so materially since such decree as would warrant an adjudication upon the question in the light of the changed conditions. In order to warrant a change or modification of the order the true test seems to be that the proof must show the 'situation and character of the respective parties have so changed as to render it to the (best) interest of the infant' that the former order be set aside or modified. Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946, 947 [75 S.W. 368], 97 Am.St.Rep. 928". [135 S.W.2d 568.]

So, too, in the case of Cohen v. Cohen, supra, the Austin Court of Civil Appeals had for review the judgment in a divorce action involving property rights of the State of California, which decree was subject to change. The Court held, 194 S.W. 2d 273, 274, Syl. 6: "Where a final judgment has been rendered in another state by a court of competent jurisdiction, between the same parties and on the same subject matter, the courts of Texas should, *under the rules of comity*, absent any plea of fraud or other equitable grounds warranting a contrary course, give full faith and credit to such judgment." (Italics supplied.)

In Baumgardner v. Southern Pac. Co., supra, opinion by the Supreme Court Commission, in relation to the judgment roll of a court of Arizona, *contrary to the public policy of Texas*, the Court says: "It is well settled that under the 'full faith and credit' clause of the Federal Constitution, Art. IV, Sec. 1, and the Act of Congress enacted pursuant thereto, Sec. 687, 28 U. S.C.A., a judgment rendered by a court of a sister state is entitled to the same recognition and will be given the same credit in this State as it would receive in the state where rendered. 26 Tex.Jur. p. 420, Sec. 571. The validity of the judgment is to be determined by the laws of the state where it was rendered, if pleaded and proved and it is immaterial that it is one not authorized by our laws or contrary to our public policy, for the 'full faith and credit' clause requires that it be recognized. Id., p. 421, Sec. 572. Hastings v. Bushong, Tex.Civ. App., 252 S.W. 246, writ dismissed; Bray v. Union Nat. Bank of Dallas, Tex.Civ. App., 194 S.W. 1165; Fauntleroy v. Lum, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039; Kenney v. Loyal Order of Moose, 252 U. S. 411, 40 S.Ct. 371, 64 L.Ed. 638, 10 A.L.R. 716." [177 S.W.2d 319.]

In Evans v. Evans, the San Antonio Court of Civil Appeals had for review an order of an Ohio Court allowing in a divorce action alimony pendente lite designed to protect the rights of the wife and maintenance of two minor children of the couple involved in the suit. The husband sought refuge in Bexar County, Texas, and there instituted a new suit for divorce under the laws of this State. The court said: "We think that the principle of comity between states should prevail in this situation." [186 S.W.2d 279.]

Turning now to the decision of the Supreme Court of Minnesota, in Holton v. Holton, 153 Minn. 346, 190 N.W. 542, 543, 41 A.L.R. 1415: After reviewing the statutes of Oregon, sec. 514, Oregon Laws, reading "At any time after a decree is given, the court or judge thereof, upon the motion of either party, shall have power to set aside, alter or modify so much of the decree as may provide for * * * the maintenance of either party to the suit"; and, construing the law of that State in the light of adjudicated cases, both Federal and State there cited, the Court had this to say: "We also hold that, irrespective of the so-called judgment of December 31, 1919, plaintiff was entitled to recover the aggregate amount of the installments which had accrued. In her complaint she pleaded the original judgment and the subsequent proceeding thereon which resulted in

the entry of the judgment of December 31st. This proceeding did not result in the rendition of a new judgment. It was merely the means by which plaintiff put her judgment into such form that execution could issue thereon. Thayer v. Thayer, 145 App.Div. 268, 129 N.Y.S. 1035; Jacobson v. Jacobson, 85 Misc. 253, 148 N.Y.S. 341, affirmed in 165 App.Div. 988, 150 N.Y. S. 1091; De Vall v. De Vall, 60 Or. 493, 118 P. 843, 120 P. 13, 40 L.R.A.,N.S., 291, Ann.Cas.1914A, 409; Wells v. Wells, 209 Mass. 282, 95 N.E. 845, 35 L.R.A.,N.S., 561."

So, in the case at bar it will be seen that by virtue of service of notice upon the husband (appellee here), the Minnesota Court rendering the judgment granted to the wife a divorce, the care, custody, and control of their three minor children, and, consistent with the laws of that state, provided that the husband pay to the wife for the support of herself and children the sum of $150 per month until "further order of the court." This judgment was entered on March 29, 1943. In 1944 the husband, having made no effort to secure "further order" or change in the judgment thus rendered, left the State of Minnesota, abandoned his three minor children without the payment of the monthly alimony for their support, and, presumably, took up haven in Texas. On October 4, 1948 the divorced wife (resident of Minnesota), pursuant to aforesaid judgment, brought suit against the husband in the Minnesota Court having the jurisdiction reserved to it, to make the judgment final. The defendant had full notice of the filing of the suit and the basis upon which the plaintiff sought final judgment. And, on hearing, the Minnesota Court entered judgment in favor of the plaintiff (appellant here) for the sum of $2,700 and expressly "Ordered, Adjudged and Decreed that execution and all other lawful process issue forthwith to effect the payment of said judgment." Then, subsequently, on January 24, 1950, the plaintiff brought an-

other suit, like unto the suit of 1948, for the sum of $2,100, and caused notice to issue and be served on the defendant; and, on hearing, the Minnesota Court entered a further judgment in favor of plaintiff for $2,100 and directed the enforcement by execution. It will be observed from the roll of the Minnesota judgments that the defendant made no effort to secure a change or modification of either of said decrees, hence in form and effect the decrees stand valid and subsisting judgment claims against the defendant. Under the "full faith and credit" provisions of the Federal Constitution and Acts of Congress, the aforesaid judgments must be given absolute verity in the courts of Texas, as well as in all other states of the Union. The defendant being a resident of Texas, this State is the only available place for enforcement of the said decrees conformably to our laws.

Such a situation as here presented has become increasingly acute, with the easy accessibility of state lines and the mobility of our population. The crossing of Texas State lines should afford no haven of security for defaulting parents to avoid legal, equitable, and moral responsibility to support their minor children. Under the full faith and credit clause of the Federal Constitution, the responsibility for enforcing the solemn decree of a sister state, made final and directing that execution issue, as here, is vested in the court having competent jurisdiction. Furthermore, comity between States of the Union impels recognition of decrees of sister states and, in the instant case, Texas Courts should extend the arm of its Judiciary to the enforcement of the Minnesota decrees.

The judgment of the trial court in refusing to accord full faith and credit to the judgments of the Minnesota court should be reversed and here rendered in favor of plaintiff (appellant) for the full amount of the foreign judgments in absence of any defense pleaded or proven on the trial of this cause.